HOWARD *a*. FARLEY.

*New York Superior Court; General Term, April*, 1865.

INTEREST ON INTEREST.

Where, by the condition of a bond, the interest is payable at specified times before the principal sum becomes due, such interest, on a demand of it after it has accrued, becomes principal, and will bear interest from the time of such demand ; or, if a demand is not proved, from the commencement of suit.

Appeal from a judgment.

The action was upon a bond conditioned to pay $3,800 on the 21st of May, 1865, with interest payable semi-annually, on the 21st days of November and May in each year.   The plaintiff alleged the non-payment of the interest which became due and payable on the 21st day of May, 1863, and demanded judgment therefor, with interest thereon, from said 21st of May, 1863

The action was tried by a justice of this court without a jury The plaintiff requested the justice to find and decide that the plaintiff was entitled to judgment for the amount claimed, with interest thereon from the 21st of May, 1863.   The justice refused so to decide, and the plaintiff excepted.   The plaintiff further requested the justice to decide that the plaintiff was entitled to judgment for the amount claimed, with interest thereon from the commencement of the suit.   The justice refused so to decide, and the plaintiff excepted.

The justice decided that the plaintiff was entitled to, and directed judgment for the plaintiff for, the amount claimed, without interest.

To this decision the plaintiff also excepted, and appealed from the judgment.

*G. Tillotson*, for the appellant, plaintiff.

*M. L. Townsend*, for the respondents, defendants.

By THE COURT.*—MONELL, J.—In the action of debt on bond, as it existed before the adoption of the Code of Procedure, the judgment was for the penalty, but execution issued to collect only the amount actually due. Since the Code, however, as I had occasion recently to decide (Howard *a.* Farley, 18 *Abbotts' Pr.*, 254), the action must be for the recovery of the sum due, and not for the penalty.

In the case before us, the plaintiff sought to recover one year's interest upon a bond, the principal sum secured not being due until two years thereafter, and the only. question is whether the plaintiff is entitled to recover interest upon the sum demanded in her complaint; and if so, whether from the time it became due, or from the commencement of the suit.

It is well settled, both in equity and at law, that compound interest is not recoverable without a special agreement to that effect. The parties, however, may agree that interest due may thereupon become principal and bear interest. (Van Benschoten *a.* Lawson, 6 *Johns Ch.*, 313.) At common law, interest was not recoverable in any case, either as an incident to the debt or otherwise. The rule has been greatly relaxed by statutes and adjudications, so that interest may now be recovered · in all cases where the contract by its terms bears interest as an incident to the debt, or when it is allowed by way of damages.

On a contract to pay a given sum of money at a certain future day, with interest payable half-yearly, an action may be maintained to recover an instalment of interest although the principal is not due. (Howard *a.* Farley, *supra*; Herries *a.* Jamieson, 5 *T. R.*, 553.)

In the case before us, the interest was payable on the bond on the twenty-first days of November and May. The time of payment was fixed by the contract, and it became the right of the plaintiff on each of these days to demand its payment. If

* Present, MONCRIEF, MONELL, and McCUNN, JJ.

paid, it would have become principal in his hands capable of earning interest; and if not paid, it would be difficult, I think, to find a reason for withholding interest from the time of the demand. In all the cases in equity or at law, the question has arisen under a different state of facts. In those cases the interest when due was not demanded, and in suits to recover the principal debt interest was not allowed to be compounded. Hence, if the holder of a note or bond allowed the time to run by, without demanding interest, he could not afterwards, in an action on the note or bond, recover compound interest. (Connecticut *a.* Jackson, 1 *Johns Ch.*, 13; Van Benschoten *a.* Lawton, *supra.*)

In Lord Clancarty *a.* Latouche (1 *Ball & Beatty*, 430), Lord Chancellor Manners says: "It would be fair for the mortgagee to call for interest due at the end of the year; and if not paid, to insist on its becoming principal."

Courts of law, as well as of equity, have discountenanced and disapproved of provisions in contracts that interest shall become principal, and have invariably treated such contracts as usurious and void. But I have not been able to find any case which holds that the parties may not agree, after the interest becomes due, that it shall bear interest. The chancellor, in Toll *a.* Hiller (11 *Paige*, 231), held that such an agreement could be made and was valid.

In principle, there is no difference between the express and the implied agreement. Where a man agrees to pay the interest of a debt on a given fixed day, he ought to be held to the performance of his engagement; and in default should be liable in *damages*, for interest is always given as damages for the breach of the contract.

Lord Mansfield in an early case (Robinson *a.* Bland, 2 *Burr.*, 1077) said: "When money is made payable by an agreement between parties and a time given for the payment of it, this is a contract to pay the money at a given time, and to pay interest for it from the given day in case of failure of payment at that day. So that the action is, in effect, to obtain a specific performance of the contract. For pecuniary *damages*, as upon a contract for the payment of money, are from the nature of the thing a specific performance, and the relief is defective so far as all the money is not paid." This language of an eminent

jurist, although applied to the debt, equally applies to the interest, when the interest is payable at a fixed period. A specific performance of the contract to pay interest on a given day, would require the party to perform as of the day of failure, or to pay damages. Such damages would necessarily be the interest upon the interest defaulted.

In Pierce *a.* Rowe (1 *N. H.*, 179,) interest was allowed in an action to recover an instalment of interest upon a note. The court say, that from the time the interest became due the debtor was culpable for not paying it, and must be presumed to have employed it, as well as the principal, to his own use.

In Greenleaf *a.* Kellogg (2 *Mass.*, 568), a similar decision was made, and interest allowed. See also Hastings *a.* Wiswall (8 *Mass.*, 455.)

In Connecticut Mutual Life Ins. Co. *a.* Cleveland &c. R. R. Co. (41 *Barb.*, 9), the action was to recover on interest coupons annexed to the bonds of the defendants. These coupons contained each a promise to pay on a certain day thirty-five dollars *interest* due on that day; and the court allowed interest to be recovered upon the coupons from the day of the default. Although some stress is laid, in the opinion of the court, upon the fact that the coupons could be cut off, and were negotiable by delivery, yet the decision really rested upon the principle that interest should be allowed by the way of *damages for the delay of payment.* So that the analogy between that case and the one I am considering is striking.

I think the general rule ought to be applied to this case, that where, by a written contract, money is to be paid at a fixed day, and the contract is broken, interest should be allowed. Especially so where the creditor demands his due and the debtor refuses or neglects to pay. In such a case there can be no application of the rule as stated in Mowry *a.* Bishop (5 *Paige*, 98), "that it was a rule of public policy, to prevent an accumulation of compound interest in favor of negligent creditors, who do not call for the payment of their interest when due."

If the interest is demanded when due, it becomes principal from that time, and interest upon it should be recoverable. If these views are correct, the refusal of the learned justice to allow some interest was erroneous.

There is no evidence of a demand before suit. Therefore the recovery of interest can only be from the commencement of the action.

Unless the defendants consent in writing to allow the judgment to be amended, so as to ' include the interest from the commencement of the suit, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. If the defendants consent to the amendment, then the judgment as amended will be affirmed, but without cost of the appeal to either party.