JOHN T. MEYER v. CHARLES GRAEBER, *et al.*

INTEREST, WHEN DUE AND PAYABLE; *Stipulations in Note and Mortgage.* Where a note is given payable in four years, with interest at ten per cent., and at the same time a mortgage is given to secure the payment of the note, in which mortgage it is stipulated that the interest is payable annually, and the interest to become principal if not paid when due, and if default be made in said payment, or any part thereof, as provided, then the conveyance shall become absolute, *held*, that the interest is to be construed as payable each year, and that on default of the payment of interest, the mortgage may be foreclosed for the amount due.

*Error from Douglas District Court.*

ACTION to foreclose mortgage. At the April Term 1876, the district court sustained a demurrer to plaintiff's petition. *Meyer*, plaintiff below, brings the case here. All necessary facts are stated in the opinion.

*S. O. Thacher*, for plaintiff.

*Joseph E. Riggs*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought in the court below to recover an installment of interest alleged to be due upon a promissory note, and to foreclose a mortgage accompanying said note, and executed to secure the same. The petition sets out a copy of the note and mortgage, from which it appears that Charles Graeber, one of the defendants, on 18th November 1874, executed his promissory note for $500 in the following words:

"LAWRENCE, KANSAS, Nov. 18, 1874.

"Four years after date, for value received, I promise to pay John F. Meyer, or order, the sum of five hundred dollars, with interest at the rate of ten per centum per annum until payment, and with ten per cent. for attorney-fees if suit is brought hereon. Stay of execution and appraisement waived. Interest to become part of principal if not paid annually.          CHARLES GRAEBER."

The accompanying mortgage, signed by said Graeber and his wife, contains the following clause:

"This grant is intended as a mortgage to secure the payment of the sum of five hundred dollars, according to the terms of a certain promissory note this day executed and delivered by the said Charles Graeber and wife for the sum of five hundred dollars with interest at the rate of ten per cent. per annum *payable annually*. Interest to become principal if not paid when due."

The defendants demurred, claiming that the petition stated no cause of action against them. The court below sustained the demurrer, and the plaintiff brings the action here for review.

Within the authority of *Muzzy v. Knight*, 8 Kas. 456, the note and mortgage having been made at the same time, and in relation to the same subject, are a part of one transaction, and constitute one contract, and must be construed together as if they were parts of one instrument; and so construed, the interest is payable annually, unless the terms in the note and mortgage, viz., "interest to become part of principal, if not paid annually," and, "interest to become principal if not paid when due," defeat this construction and make the interest a part of the principal, to become due at the election of the maker of the note four years after the date thereof. If the interest was payable annually, sufficient facts were stated in said petition to constitute a cause of action, as the mortgage contained the further stipulation that, "if default be made in said payment or any part thereof, as provided, then this conveyance shall become absolute." And at the date of the commencement of the action, on 5th February 1876, no interest had been paid on the note, although de-

mand had been made therefor. The rule of construction is imperative, which requires, if practicable, that construction to be given to an instrument which shall give effect to all its parts. Under this rule, it seems to us that the rational and just construction of the contract, according to the intent of the parties, is, that the interest becomes due each year, and by the provision of the contract, that the "interest is to become principal, if not paid when due," the interest overdue is to bear the same rate of interest as the principal of the note, and was meant for the benefit of the payee; and that this provision in the mortgage, and the similar one in the note, was not inserted to extend the payment of the interest till the principal became due. Any other construction would deprive of all meaning the provisions of the mortgage that the principal sum should bear interest *payable annually*, and if default be made in said payment, or any part thereof, as provided, then the conveyance should become absolute. Adopting this construction, we give effect to all parts of the contract, and, in our opinion, do no violence to the intention of the parties thereto. It is not necessary now to decide whether parties can make provisions in their contracts that interest shall become principal, because, if held they cannot, the portion of the note and mortgage containing such stipulations would be void, and therefore of no force; and the same result would be reached as to the interest being payable annually, as if we attempt to carry out the actual intention of the makers of the contract, without regard to the question of the validity of the same. In either event, there was default made in payment, as provided, and the demurrer should have been overruled. As to the question of the oppressive and illegal character of such contracts, see *Howard v. Farley*, 19 Abb. Pr. Rep. 126; *Van Benschooten v. Lawson*, 6 Johns. Ch. 313; "Interest upon interest," Albany Law Journal, vol. 16, p. 252, and the cases there cited.

The conclusion we have reached comports with the general signification of the language, "interest to become part of principal," as ordinarily used and understood. Thus, in

*Chesterfield v. Cromwell,* 1 Eq. Cas. Abr. 287, B. Lord Keeper WRIGHT admitted the general rule, that interest could not carry interest, but held in some cases, it would be injustice not to regard the interest due as principal. In *Lord Chancarty v. Latouch,* 1 Ball. & Beatty, 430, Lord Chancellor MANNERS says: "It would be fair for the mortgagee to call for interest due at the end of the year; and if not paid, to insist on its becoming principal." In the case of *Howard v. Farley,* 19 Abb. Pr., 129, MORRELL, J., says: "If the interest is demanded, when due, it becomes principal from that time." In all of these cases, "interest regarded as principal," simply means, that the interest shall bear interest like the principal. We cite these cases, not to support the doctrine that interest is allowed upon interest, but to sustain the result we have reached, that the phrase, "interest to become a part of the principal," was never construed to mean that thereby the time of the payment of interest was extended, but that such expression is the usual form used to state that interest is to bear interest.

The order and decision of the district court will be reversed.

All the Justices concurring.