## WILLIAM H. BRODRIBB *v.* LUTHER C. TIBBETS.

MORTGAGE—INTEREST—FORECLOSURE.—A mortgage given as security for the payment of the principal of a promissory note with interest, but containing no provision for foreclosure upon the non-payment of interest, can not be foreclosed until the principal sum becomes due.

APPEAL from judgments for the plaintiff in the Superior Court of San Bernardino County.    ROLFE, J.

These are two actions upon the same mortgage, the former to foreclose for interest due January 16, 1880, and the latter for additional interest falling due May 16, 1880

*Paris & Allen,* for Appellant.

*Byron Waters,* for Respondent.

The COURT, Department One:

The demurrer to the complaint ought to have been sustained.

The mortgage sued upon contains the following stipulation:

" As security for the payment to said mortgagee of the sum of twenty-one hundred dollars in the gold coin of the United States of America, on the sixteenth day of September, A. D. 1881, with interest thereon, at the rate of ten per cent per annum, according to the terms and conditions of a certain promissory note of even date of this mortgage, in the words and figures following, to wit:

" $2,100.

" SAN BERNARDINO, CAL., September 16th, 1879.

" Two years after date, without grace, I promise to pay to Edward Brodribb, guardian of W. H. Brodribb, or order, the sum of two thousand one hundred dollars, payable only in gold coin of the United States, for value received, with interest thereon in like gold coin, at the rate of ten per cent per annum from date, payable monthly, until paid."

By the terms of the mortgage the lien was to be foreclosed only when the principal sum named in the promissory note became due.    The parties might have agreed that the mort-

gage should be foreclosable to the extent of the interest due, whenever any installment of interest should become due. But they have not so agreed in terms, or by implication. There is no covenant that in case of default in the payment of interest the principal shall become due, nor any stipulation which can be construed to be a distinct dedication of the lands as security for the payment of interest *separated* from the principal, or as authorizing a sale of them to pay interest prior to the maturity of the note. The mortgage was given as security for the payment of the principal *and* (with) "interest thereon," etc. The language employed by the parties clearly expresses their intention that the contract should be such as that the remedy by the foreclosure would not be available until the principal sum should become due.

It may be suggested that the facts alleged in the complaint, among which are the making of the note, and that the sum of *seventy* dollars interest is due upon it, would justify a judgment *at law* for seventy dollars, and therefore the demurrer was properly overruled. In response—without determining but that a demurrer to a complaint in equity will properly be sustained *because* the facts alleged show that the plaintiff has a complete remedy at law—it is enough to say that the complaint in the case before us shows on its face that the Court below had no *jurisdiction* of the subject-matter, to wit, an alleged indebtedness of seventy dollars.

Judgment reversed and cause remanded, with direction to the Court below to sustain the demurrer to the complaint.

The COURT in Bank:

This case arises out of an action to foreclose a mortgage for four monthly installments of interest, amounting to seventy dollars, alleged to be due and unpaid upon a promissory note which has not become due, and the payment of which is secured by the mortgage.

Neither the note nor mortgage contains any agreement for foreclosure of the mortgage on default of the payment of interest. In the absence of such an agreement the mortgage can not be foreclosed until the note shall become due. (*Brodribb* v. *Tibbets, supra.*)

Judgment reversed.