[No. 19114. Department Two. — February 11, 1893.]

GEORGE P. YOAKAM ET UX., APPELLANTS, v. W. Y. WHITE ET AL., RESPONDENTS.

MORTGAGE — FORECLOSURE FOR UNPAID INTEREST. — Where, by the terms of a mortgage, the mortgagor promised to pay the mortgage note "according to the terms and conditions thereof," and that "in default of the payment of note by its terms," the mortgagees or their assigns might foreclose, and the terms of the note were, that the interest should be payable annually, and the principal at the end of five years, the owners of the mortgage are entitled to foreclose it upon a default in the payment of the interest for the amount of interest due, and need not wait until a default in the payment of the whole note, principal and interest.

ID. — FORECLOSURE FOR DEBT NOT DUE — DEFAULT — PROVINCE OF COURT. — In such case, where the mortgagees alleged, in the complaint to foreclose the mortgage, that the mortgaged property could not be sold in portions, without injury to the parties, and prayed for a decree of foreclosure for the entire debt evidenced by the note, and the mortgagor failed to answer the complaint, whereupon his default was entered, the trial court must determine upon the hearing whether, in addition to the foreclosure for the interest due, to which plaintiffs are entitled, they are entitled to all the relief asked, under section 728 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Clarence A. Miller*, for Appellants.

*Burnett & Gibbon*, for Respondents.

BELCHER, C. — On February 10, 1891, the defendant White executed to the plaintiffs his promissory note and mortgage to secure payment of the same. The note was for seven thousand eight hundred dollars, and was payable five years after date, " with interest at the rate of eight per cent per annum from date until paid, interest payable annually, and if not so paid, to be compounded annually, and bear the same rate of interest as the principal." The mortgage stated that it was given as security for the payment of the note, a copy of which was set out *in hæc verba*, and then contained the following agreement: "And the mortgagor promises to pay said

note according to the terms and conditions thereof, and . . . ., in default of the payment of note by its terms, the mortgagees or their assigns may foreclose this mortgage, and may include in such foreclosure a reasonable attorney's fee, to be fixed by the court."

After the mortgage was executed, and on the same day, the mortgagor conveyed the mortgaged premises to the defendants Childress and Park, and as a part of the consideration for the conveyance, the grantees covenanted and agreed to pay according to its terms the said mortgage, and to do and perform the covenants and agreements upon the part of the said White in said mortgage mentioned and contained.

On February 13, 1892, the plaintiffs commenced this action to foreclose their mortgage, and they alleged, among other things, that no part of the principal or interest of the note had been paid; that the sum of $624, being one year's interest upon the note, was due, owing, and unpaid from the defendants to plaintiffs, though demanded by plaintiffs after the same fell due; and that the property described in the mortgage could not be sold in portions without injury to the parties. Wherefore they prayed for a decree of foreclosure for the entire debt evidenced by the note.

The defendants demurred to the complaint, and their demurrer was overruled. They, however, failed to answer, and their defaults were duly entered.

When the case came on to be heard, the plaintiffs introduced the formal proofs usual in such cases, and moved the court for a decree granting the relief demanded in their complaint. This motion was denied, and they then asked for so much relief as the court would grant upon the pleadings and evidence; but the court refused to grant them any relief, and entered judgment dismissing the action without prejudice. From the judgment so entered the plaintiffs appeal.

In Jones on Mortgages, sec. 654, it is said: "A provision for the payment of interest annually, and that if not so paid it shall be compounded, is no waiver of the

right to enforce payment when due." Respondents, in effect, admit that this is a correct statement of the law, and that there was no right of election on their part to pay the interest when it became due, or to let it be compounded and have its payment deferred until the maturity of the note. They, however, contend — and this is the only point made — that the note and mortgage, when properly construed according to the intention of the parties, gave no right to foreclose for non-payment of an installment of interest. In support of this position, counsel cite *Brodribb* v. *Tibbets,* 58 Cal. 6.

In the case cited the mortgage was given " as security for the payment to said mortgagee of the sum of twenty-one hundred dollars . . . . on the sixteenth day of September, A. D. 1881, with interest thereon, . . . . according to the terms and conditions of a certain promissory note of even date of this mortgage, in the words and figures following." The note was dated September 16, 1879, and was payable two years after date, " with interest thereon, in like gold coin, at the rate of ten per cent per annum from date, payable monthly until paid." An inspection of the transcript in the case shows that the mortgage contained no provision for foreclosure.

It was said by this court, sitting in Department: "By the terms of the mortgage the lien was to be foreclosed only when the principal sum named in the promissory note became due. The parties might have agreed that the mortgage should be foreclosable to the extent of the interest due, whenever any installment of interest should become due. But they have not so agreed in terms or by implication." And after rehearing in Bank it was said: " Neither the note nor mortgage contains any agreement for foreclosure of the mortgage on default of the payment of interest. In the absence of such an agreement, the mortgage cannot be foreclosed until the note shall become due."

This decision does not seem to be in harmony with the general current of authority upon the subject; but

assuming it to be correct, it is not, as we think, in point here.

In this case the mortgagor promises to pay the note "according to the terms and conditions thereof," and that "in default of the payment of note by its terms," the mortgagees might foreclose. The terms of the note were, that the interest should be payable annually, and the principal at the end of five years. The words "by its terms" cannot be construed to mean that there must be a default in the payment of the whole note, principal and interest, before a foreclosure can be had, but only that there must be some default in paying the note by or according to its terms.

At the end of the first year the interest for that year became due and payable, and was a debt secured by the mortgage. Section 726 of the Code of Civil Procedure provides for an "action for the recovery of any debt, or the enforcement of any right secured by mortgage," and that "in such action the court may by its judgment direct a sale of the encumbered property," and the application of the proceeds of the sale to the payment of "the amount due to the plaintiff." And section 728 of the same code provides:—

"Sec. 728. If the debt for which the mortgage, lien, or encumbrance is held is not all due, so soon as sufficient of the property has been sold to pay the amount due, with costs, the sale must cease; and afterwards, as often as more becomes due, for principal or interest, the court may, on motion, order more to be sold. But if the property cannot be sold in portions, without injury to the parties, the whole may be ordered to be sold in the first instance, and the entire debt and costs paid, there being a rebate of interest where such rebate is proper."

In our opinion, the plaintiffs were entitled to a foreclosure for the interest then due, but whether under section 728 of the code, above cited, they were entitled to all the relief asked, is a matter which must be determined by the court below on a rehearing of the case.

We advise that the judgment be reversed, and the cause remanded.

HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.