| 104 | 269 |
| 126 | 551 |

[No. 18267. In Bank.—September 29, 1894.]

## KINGSLEY VAN LOO, APPELLANT, *v.* LOUISE VAN AKEN ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE—MATURITY OF CAUSE OF ACTION—DEMURRER TO COMPLAINT.—Where a mortgage is given expressly to secure the payment of the principal sum of a note five years after its maturity, with interest at the specified rate, according to the terms and conditions of a promissory note which makes the interest payable annually, and if not so paid, to draw interest the same as the principal, but contains no provision for the collection of the note, or for the foreclosure of the mortgage before the maturity of the note, the mortgagee has no right to foreclose until its maturity, and a demurrer to a complaint in an action brought before the maturity of the note is properly sustained.

ID.—CONSTRUCTION AGAINST MORTGAGEE.—When a mortgagee is bargaining for the right to sell his debtor's land to satisfy his claim any doubt that fairly arises upon the terms of the note and mortgage should be resolved against it.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Frank H. Short*, for Appellant.

The failure of the mortgagor to pay the interest when due gave the mortgagee the right to foreclose the mortgage. (*Yoakam* v. *White*, 97 Cal. 286; Jones on Mortgages, secs. 652, 1176, 1178.)

*S. J. Hinds*, for Respondents.

A mortgage cannot be foreclosed in this state for interest due, unless the terms of the note or mortgage say so. (*Brodribb* v. *Tibbets*, 58 Cal. 6.)

BEATTY, C. J.—Action to foreclose a mortgage. A general demurrer to the complaint for want of facts was sustained by the superior court, and, plaintiff being unable to amend, judgment was entered for the defendants, from which the plaintiff appeals. The sole question to be determined is whether the complaint states a cause of action.

It is alleged that on the 9th of December, 1890, the defendants executed and delivered to the plaintiff their promissory note in the following words and figures:

"$5,000.        Fresno, Cal., December 9, 1890.

"Five years after date, without grace, for value received, we promise to pay to Kingsley Van Loo, or order, in the city of Fresno, the sum of five thousand dollars, with interest thereon at the rate of eight per cent per annum from date until paid. Both principal and interest payable in gold coin of the government of the United States. Said interest payable annually, and, if not so paid, the interest to draw interest the same as the principal, and, if this note is collected by suit, I agree and promise that the court having jurisdiction allow a reasonable attorney's fee together with all legal expenses to be made part of the judgment.

"Louise Van Aken,

"T. Van Aken."

That at the same time the defendants executed a mortgage to secure the payment of said note according to its terms; that on March 31, 1893, the date of the commencement of the action, no part of the principal or interest of the note had been paid; that the mortgaged premises cannot be sold in portions without injury; that the defendants have violated their covenant to insure, and are insolvent, etc.

It is claimed by appellant that on this state of facts—the sum of eight hundred dollars being past due for interest—he had a right to commence his action to foreclose before the maturity of the note, notwithstanding the absence of any stipulation in the note or mortgage giving him that right.

The decision of this court in *Brodribb* v. *Tibbets,* 58 Cal. 6, is directly opposed to this proposition, but appellant contends that the decision in that case is not law, and that it has been overruled in the later case of *Yoakam* v. *White,* 97 Cal. 286. It can scarcely be said that the latter case overrules the former, though it does

disapprove it. In *Brodribb* v. *Tibbets*, 58 Cal. 6, it was held that the mortgagee could not foreclose for interest in arrears, because there was no express agreement that he might do so, and certainly that decision was opposed to the current of authority and to the reasonable construction of our statute. (Code Civ. Proc., secs. 726–28.) But in this case there is something more than the mere absence of an express agreement that the mortgagee may foreclose upon default in the payment of interest. Not only does the note provide for compounding the interest if not paid as it falls due—which by itself is not a waiver of the right to enforce payment—but the language of the mortgage fairly warrants the conclusion that the intention of the parties was that it should not be foreclosed until the principal of the note was due. It is given not "to secure the payment of the note according to its terms," but "as security for the payment to the said mortgagee of the sum of five thousand dollars in gold coin of the United States of America, *on the ninth day of December, A. D. 1895*, with interest at the rate of eight per cent per annum, according to the terms and conditions of a certain promissory note," etc.

To say nothing of the fact that this contract was entered into at a time when the decision of *Brodribb* v. *Tibbets*, 58 Cal. 6, declared the law of the state, and when, presumably, the parties looked to that decision for a construction of their agreement, it cannot be denied that when a mortgagee is bargaining for the right to sell his debtor's land to satisfy his claim, any doubt that fairly arises upon the terms of the note and mortgage should be resolved against him. Here, we think, that with all the aid that they can derive from the statute, the note and mortgage leave it, at least, doubtful if it was not the intention of the parties that a compounding of the interest should be the only consequence of default in its payment, and that the mortgage should not be foreclosed prior to the ninth day of

December, 1895. Therefore, we hold that such was their intention.

The other questions suggested in the brief of counsel for appellant have not been argued on either side, and we shall not undertake to decide them.

Judgment affirmed.

DE HAVEN, J., HARRISON, J., FITZGERALD, J., and McFARLAND, J., concurred.