M. H. Motsinger *et al.* v. Ludwick F. Miller.

No. 10803.

1. Interest—*where time for payment not fixed in contract, becomes due with principal.* Where a contract for the payment of money contains no specific promise for the payment of interest at a time different from that fixed for the payment of principal, the principal and interest both become due and payable at the same time.

2. ——— *not payable annually because of phrase "per annum" and stipulation for interest on if "not paid annually."* The use of the words "per annum" in fixing the rate of interest in a promissory note, and the provision therein—"If interest be not paid annually to become as principal and bear the same rate of interest," cannot be regarded as a promise to pay interest annually.

Error from Decatur District Court. A. C. T. Geiger, Judge. Opinion filed July 8, 1898. *Reversed.*

*J. C. Wilson* and *J. F. Peters*, for plaintiffs in error.
*G. Webb Bertram*, for defendant in error.

Johnston, J. On August 7, 1893, M. H. Motsinger and Mollie A. Motsinger, his wife, executed five promissory notes payable to Henry F. Miller, the first of which was for $100 and due two years after date; the second, third and fourth, for $100 each, and due respectively in three, four and five years after date; while the fifth was for $1600, and was due ten years after date. At the same time, they executed a mortgage upon real estate to secure the payment of the notes. The notes were transferred to Ludwick F. Miller, and an alleged default having been made in the payment of interest he brought an action, on· March 13, 1895, asking for a recovery upon all of the notes and for a foreclosure of the mortgage, upon the theory that the failure to pay the interest annually, made

the whole debt due and entitled the holder of the same to a foreclosure of the mortgage. The following is a copy of the note which first matured —

"$100.00. NORCATUR, KAN., August 7, 1893.

"Two years after date we promise to pay to the order of Henry F. Miller, one hundred dollars,, for value received, negotiable and payable without defalcation or discount, and interest from date at the rate of six per cent. per annum, and if interest be not paid annually to become as principal and bear the same rate of interest. Without exemption from appraisement, valuation or homestead laws.

M. H. MOTSINGER,
MOLLIE A. MOTSINGER."

Indorsed on the back : "HENRY F. MILLER."

The other notes are like unto this, except as to amounts and time of maturity. The mortgage contained the provision —

"If said sum or sums of money, or any part thereof, or any interest thereon, is not paid when the same is due, and if the taxes and assessments of every nature which are or may be assessed. and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable ; then the whole of said sum or sums, and interest thereon, shall and by these presents become due and payable," etc.

By its terms, the first note did not mature until two years after its date ; and, as this action was begun before that time, we have the question whether it was prematurely brought.

If the interest was payable annually, the default in the payment of the same makes the whole debt due, and entitles Miller to a foreclosure of his mortgage. As will be observed, the note contains no express provision for the annual payment of interest. The promise is to pay the principal and interest two years after date ; and the words,—"And interest from date at the rate of six per cent. per annum," cannot be construed

to mean that the interest should be paid yearly, but is only a measure for the calculation of interest on the note. In the absence of a specific promise to pay the interest at a different time from that fixed for the payment of the principal, the principal and interest both become due at the same time. *Ramsdell v. Hulett,* 50 Kan. 445, 31 Pac. 1092.

The provision in the note, " If interest be not paid annually, to become as principal and bear the same rate of interest," is not a promise to pay annually. While it apparently gives the promisor an option to pay the interest annually, yet if he does not pay he is not deemed to be in default. The only consequence of the maker failing to take advantage of the privilege is that the interest will become principal and bear the same rate of interest. It did not give the payee any right or authority to enforce the collection of interest, or treat the entire indebtedness, as represented by all the notes, to be due and payable. Attention is called to *Meyer v. Graeber* (19 Kan. 165), where there was a similar provision in the note, and the court held the interest to be payable annually. That holding, however, was based upon a provision of the mortgage which specifically provided that the interest was payable annually. The notes and mortgage were treated as a single contract, and the specific agreement in the mortgage that interest should be paid annually was given controlling force and effect. The mortgage in the present case contains no such provisions, nor any suggestion that the interest on the debt is payable annually.

We therefore conclude that the action was prematurely brought, and that the demurrer to the petition of the plaintiff below should have been sustained.

The judgment of the District Court will be reversed and the cause remanded for further proceedings.