[Sac. No. 649.  Department Two.—November 6, 1899.]

JOHN R. PHELPS, Respondent, v. HENRY MAYERS, Appellant.

126  549
f133  684

Mortgage—Note—Maturity of Principal—Default in Interest.—A mortgage and a contemporaneous promissory note recited therein, for the security of which it was given, should be construed together; and a provision in the mortgage that upon default being made in the payment of the principal or interest of the note the mortgagee might sell the mortgaged premises, in the manner prescribed by law, and out of the proceeds retain said principal and interest, makes the principal become due upon default in the payment of the interest, and justifies a foreclosure for such sum.

Id.—Costs—Percentage—Judgment.—An allowance to the plaintiff, in the judgment of foreclosure, of an aggregate amount for "costs, percentage, and necessary disbursements," must be presumed, in the absence from the record of the evidence on which the court acted, to be entirely composed of items which were proper costs of the suit.

Appeal—Point First Raised in Closing Brief.—A point raised by the appellant for the first time in his closing brief, to which the respondent has had no opportunity to reply, is properly overruled.

APPEAL from a judgment of the Superior Court of Shasta County.  Edward Sweeny, Judge.

The facts are stated in the opinion.

George A. Proctor, for Appellant.

J. A. Stevens, and Reid & Bartlett, for Respondent.

BRITT, C.—On October 18, 1895, Mayers, the defendant, made and delivered to Phelps, the plaintiff, a mortgage of certain land in the county of Shasta to secure the payment of a promissory note of the same date, by the terms of which note Mayers promised to pay to Phelps on or before November 1, 1898, the sum of fifteen hundred dollars, with interest at the rate of nine per cent per annum, interest payable semi-annually in advance from date of the note.  The mortgage recited said note at length and proceeded: "And these presents shall be void if payment be made according to the tenor and effect thereof.

But in case default be made in the payment of the said principal or interest as herein provided, then" the mortgagee is "hereby empowered to sell the said premises . . . . or any part thereof, in the manner prescribed by law, and out of the money arising from such sale to retain the said principal and interest, together with the costs and charges . . . . of suit for foreclosure, including counsel fees at the rate of fifteen per cent. upon the amount which may be found to be due," etc.

This action for the foreclosure of said mortgage was begun on May 27, 1897; it is alleged in the complaint that defendant has paid nothing on the note except the interest thereon to October 18, 1896, and that the principal thereof, with interest from said last-mentioned date, is due and unpaid. The court rendered judgment for the foreclosure of the mortgage to pay both the principal of the note and the interest due. The judgment contains also a recital that there is due from defendant to plaintiff the sum of one hundred and eighty-four dollars and forty cents, "costs, percentage, and necessary disbursements," and a direction that plaintiff be paid that sum from the proceeds of sale as "costs of this suit."

The defense is that the action was prematurely brought; defendant maintains that the instruments in suit do not provide that the principal of the debt shall become due on default in payment of interest, and hence that a foreclosure for both principal and interest was unwarranted. The note and mortgage, however, must be construed together; interest on the note is payable semi-annually, and the mortgage is clear that upon default in the payment of the interest, equally with default in the payment of the principal, the mortgagee may cause the premises to be sold and retain from the proceeds "the said principal and the interest"; there is scarcely room for interpretation in these provisions; they support the action for the amount of the note, both principal and accrued interest. (*Brickell v. Batchelder*, 62 Cal. 623; *Maddox v. Wyman*, 92 Cal. 674.) The case of *Brodribb v. Tibbets*, 58 Cal. 6, on which plaintiff relies mainly, decided nothing to the contrary; the contract in that case, as the court considered, contained no provision for the foreclosure of the mortgage on default of interest; in the present instance such provision is express. Besides,

*Brodribb v. Tibbets* is of doubtful authority upon the point which it did decide; it has been disapproved in later cases. (*Yoakam v. White,* 97 Cal. 286; *Van Loo v. Van Aken,* 104 Cal. 269.)

In the closing brief of appellant the point is made that the court erroneously allowed to the plaintiff an undefined sum as "percentage." It does not appear what was meant by this word in the judgment; possibly, it denotes the court's allowance of counsel fees provided for in the mortgage; but admitting that it has no reference to such fees, yet as the evidence on which the court acted is not in the record, it should be presumed, in view of both provisions of the judgment which refer to the matter, that the whole sum of one hundred and eighty-four dollars and forty cents was made up of proper costs of the suit. It is another and sufficient reason for overruling this point that it is first raised in the closing brief for appellant when respondent has no opportunity to reply. (*Webber v. Clarke,* 74 Cal. 11.) The judgment should be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.