[No. 4171. Decided July 26, 1902.]

BENJAMIN BANK, *Respondent,* v. EARLE DOHERTY *et al., Appellants.*

MORTGAGE — NON-PAYMENT OF INTEREST — FORECLOSURE.

A mortgage cannot be foreclosed on account of failure to pay an installment of interest due, where the mortgage is merely conditioned that if the mortgagor "shall, on or before maturity, pay or cause to be paid the said note, with interest that may be due thereon," then it shall be null and void.

SAME — CONSTRUCTION OF STATUTE.

Bal. Code, § 5894, which provides that "whenever a complaint is filed for the foreclosure of a mortgage upon which there shall be due any interest or installment of the principal, and there are other installments not due, if the defendant pay into court the principal and interest due, with costs, at any time before the final judgment, proceedings thereon shall be stayed, subject to be enforced upon a subsequent default in the payment of any installment of the principal or interest thereafter becoming due," has reference to the foreclosure of mortgages upon which there may be due interest for which foreclosure may be had, and does not subject to foreclosure a mortgage whose terms otherwise provide.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*Roberts & Leehey,* for appellants.

*Preston, Carr & Gilman* and *James B. Murphy,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Action to foreclose a mortgage on account of unpaid installments of interest. As we view this case, there is but one question necessary to be discussed, viz., can this action be maintained before the maturity of the principal note? The note is as follows:

"$2,500.00.         Butte, Montana, January 3, 1900.
For value received, three years after date I promise to pay to B. Bank or order the sum of twenty-five hundred dollars ($2,500), at his office, in Butte, Montana, with interest at the rate of two per cent. per month, payable monthly. The privilege hereby granted to the maker of this note to pay any amount not exceeding two hundred dollars ($200) per month thereon, interest to be reduced according to such payments. Payments to be made on interest day.        MARY T. DOHERTY."

At the same time and place the maker of the note executed and delivered to the payee a mortgage which recited that the same was given "to secure the payment for a certain promissory note bearing equal date herewith." The mortgage provided as follows:

"Now, if the said first party shall on or before maturity pay or cause to be paid the said note, with interest that may be due thereon, then the foregoing conveyance shall be null and void, otherwise to be and remain in full force and virtue; but should the said first party, from any cause, fail or refuse to pay said note, with interest, or any part thereof, when due, and suit be commenced to foreclose this mortgage, then the said second party may and shall have and recover from the said first party a reasonable attorney's fee; the amount of such fee to be

fixed and allowed by the court before whom such suit is brought, and taxed and collected as other costs."

· It is stated, as a general rule, that a mortgage cannot be foreclosed before it is due, or there is a breach of some condition. 2 Jones, Mortgages (5th ed.), § 1174; Wiltsie, Mortgage Foreclosure, § 34.

And also:

"If the mortgage contains an absolute covenant that the principal shall not be called in during a specific period, or until the happening of a certain event, then no default in the payment of the interest in the mean time will enable the mortgagee to sue." 2 Jones, Mortgages (5th ed.), § 1178.

"But it would seem that in the absence of a stipulation giving the power, there can be no foreclosure of a mortgage given as security for the payment of a promissory note and the interest thereon until the principal sum becomes due. . . . the interest falling due yearly, or at other stated periods, on a note secured by mortgage, is an installment of the debt, and . . . the mortgage may be foreclosed to enforce its payment, because the mortgage must have been given to secure the interest as well as the principal, and the law will not withhold a remedy until the period elapses for the maturity of the whole debt. And where a condition is inserted in the mortgage which authorizes a sale to be made upon the happening of any default, the failure to pay interest when it is due is a default within the meaning of such a clause and will entitle the mortgagee to foreclose." Wiltsie, Mortgage Foreclosures, § 42.

Conceding the foregoing general rules to be the law applicable to the case in hand, and conceding the facts to be that interest payments had not been made monthly, it requires a consideration of the mortgage to determine whether a default in an interest payment is a breach thereof. The note clearly provides that the maker shall have until January 3, 1903, to pay the principal sum,

and that interest shall be payable monthly. It was within the power of the parties to have made the mortgage security for the whole or any part of the note, or for the note and interest, or either. It was also within their power to have provided in the mortgage that upon failure to pay the note or the interest, or either, foreclosure proceedings may be had. Or, as is usual in such cases, the mortgage might have contained a provision that foreclosure proceedings should be had "upon failure to perform any of the conditions," or "upon failure to pay the note according to its tenor and effect," or "when payments become severally due," etc. A breach of any such condition would have subjected the mortgage to foreclosure. But we find the provision in this mortgage as follows:

"Now, if the said first party shall, on or before maturity, pay or cause to be paid the said note, with interest that may be due thereon, then the foregoing conveyance shall be null and void; otherwise to be and remain in full force and virtue."

In other words, if the first party *at maturity* fails to pay the said note, with interest that may be due thereon, then the foregoing conveyance shall be in full force and virtue. It seems clear that this is an express provision that the debt was permitted to run until the expiration of three years from the date of the note and mortgage, and that the mortgage should stand as security for the principal, with whatever interest should be allowed to accumulate thereon, and should not be foreclosed unless there was a failure to pay the note at maturity. There is no other provision in the mortgage from which any other intention can be inferred, except it be the following:

"But should the said first party, from any cause, fail or refuse to pay said note, with interest, or any part thereof, when due, and suit be commenced to foreclose this

mortgage, then the said second party may and shall have and recover from the said first party a reasonable attorney's fee; the amount of such fee to be fixed and allowed by the court before whom such suit is brought, and taxed and collected as other costs."

It will be seen at once that this provision was intended solely as a provision for attorney's fees in case suit was brought to foreclose the mortgage. The language of this provision must be given its natural and ordinary meaning. The parties must be presumed to have meant what they said. But assuming that the language was used as the recitation of a right under the mortgage, and giving it all the force of such recitation, we still do not see that it changes the defeasance provision preceding. The language is: "But should the said first party, from any cause, fail or refuse to pay said note, with the interest, or any part thereof, when due, and suit be commenced." The words "or any part thereof" certainly refer to and mean the note. If these words were intended to refer to the interest when due, and not to the note when due, or to both the interest when due and the note when due, that idea could, and, no doubt, would have been, expressed, as is usual in such cases, by the use of the word "or" instead of the word "with," so that, if the parties had intended that the mortgage might be foreclosed by reason of failure to pay interest when due, the clause would have been made to read, "But should the first party, from any cause, fail or refuse to pay said note, *or* the interest, or any part thereof, when due." Such language would have made the idea clear, but, not having been used, we cannot assume that the parties intended to use it. We are therefore of the opinion that the latter provision does not, and was not intended to, modify the former provision so as to give a right of foreclosure for non-payment of interest.

There is no dispute that the mortgage in question is security for both principal and unpaid interest, nor that the interest is payable monthly, and is a part of the debt. But where the parties have expressly agreed that the maker of the mortgage shall have until the maturity of the note to pay the note, with interest, the fact that partial payments of interest may become delinquent in the mean time does not give the right to foreclose the mortgage, where there is no breach of any condition named in the mortgage. From a careful consideration of both the note and mortgage, we are convinced that it was the intention of the parties that the mortgage should mature only upon maturity of the principal note, and that foreclosure proceedings can not be had until maturity of the note, notwithstanding interest payments may be in default. Section 5894, Bal. Code, has reference to foreclosure of a mortgage upon which there may be due any interest or installments of interest *for which foreclosure may be had.* It does not make a mortgage subject to foreclosure which by its terms is not subject to be foreclosed. The cause was therefore prematurely brought. It will be reversed and remanded, with instructions to sustain the demurrer and dismiss the action.

REAVIS, C. J., and WHITE, ANDERS, HADLEY, FULLERTON and DUNBAR, JJ., concur.