[No. 4755.   Decided February 9, 1905.]

BENJAMIN BANK, *Respondent,* v. EARLE DOHERTY *et al.,*
*Appellants.*[1]

EXECUTIONS—SALE—VACATION—PARTIES ENTITLED TO NOTICE.
The purchaser at an execution sale is not a party in interest upon
whom notice of motion to vacate the sale must be served, where
he had previously parted with his interest to the execution credi-
tor, who appeared and contested the motion.

SAME—VACATION FOR INADEQUACY OF PRICE—SEIZURE OF NOTE
FILED AS RECORD IN CASE.   The sale under execution of a note and
mortgage of the value of $2,400, for $110.20 (the costs upon an
appeal), is properly vacated, where it appears, in addition to
such inadequacy of price, that possession was obtained by seizing
the same after they had been filed in the clerk's office as part of
the record in said cause, without notice of the seizure to the
owners, who shortly after the sale moved its vacation immedi-
ately upon learning thereof.

Appeal from an order of the superior court for King
county, Tallman, J., entered April 10, 1903, vacating an
execution sale, after a hearing upon affidavits.   Affirmed.

*Roberts & Leehey,* for appellants.
*Preston, Carr & Gilman,* for respondent.

PER CURIAM.—This is an appeal from an order vacating
and setting aside a sale.   In the early part of the year
1901, the respondent began an action against the appel-
lants, in the superior court of King county, to foreclose a
mortgage upon real property.   In due course he recovered
a judgment and decree of foreclosure in that court, and the
judgment was brought here by the appellants for review.
This court reversed the judgment (29 Wash. 233, 69 Pac.
732, 92 Am. St. 903), and sent the cause back with instruc-
tions to dismiss the action, holding that the same had been

[1]Reported in 79 Pac. 486.

prematurely brought. When the remittitur went down, judgment was entered in the court below, in favor of the appellants and against the respondent, for the sum of $101.45, being the costs in both courts. Execution was thereafter issued on the judgment, and placed in the hands of the sheriff, who seized and sold the respondent's note and mortgage, which had been filed in the clerk's office as a part of the records in the foreclosure suit.

Shortly after the sale took place, the respondent learned of the same, and immediately took steps to have the sale vacated and set aside, filing a motion for that purpose in the court out of which the execution issued. Affidavits were filed in support of and against the motion, and a hearing had, which resulted in an order vacating and setting aside the sale. The motion was based on several grounds, including inadequacy of price, irregularity in the proceedings, failure to give proper notices of the sale, or to notify the judgment debtor thereof. The order of vacation was general, setting out no particular reason.

The appellant first assigns that the court erred in entertaining the motion to vacate the sale, because the same was not served on the purchaser at the sale; but we think this objection is met by the fact that the purchaser had parted with his interest in the note and mortgage prior to the hearing on the motion, having surrendered them to the administrator, and cancelled the mortgage of record. At the time the order of vacation was entered, the only person interested in upholding the sale was the administrator, and there is no question that he had been served with notice of the proceedings—in fact, he appeared and engaged actively in defending it.

On the main question, we are not inclined to disturb the holding of the trial court. The note sold had an actual value in excess of $2,400, and was sold for only $110.20.

This alone appeals strongly to the conscience of the court, and although it perhaps is the rule that inadequacy of price alone is not usually a sufficient ground to set aside the sale, we think that in this case, in view of the manner in which possession of the note was obtained, and the whole surroundings, it should be allowed to prevail. This view of the case renders other questions discussed immaterial. The order appealed from will stand affirmed.

The judgment is affirmed.