[No. 10157.   Department Two.   June 24, 1912.]

DELIA E. CASTOR, *Appellant*, v. K. MURAMOTO, *Respondent*.[1]

MORTGAGES—MATURITY—DEFAULT IN INTEREST—CONSTRUCTION OF CONTRACT. A mortgage matures and may be foreclosed for the whole sum, upon default in the payment of annual interest, where the mortgage note provided for interest payable annually "and if not so paid to become a part of the principal and bear interest until so paid," and the mortgage provided for its foreclosure in case of any default in the payment of interest when the same becomes due under the terms of the note, and further stipulated that in case of foreclosure, "the whole of said principal and interest, whether the same shall be then due or not" shall be retained.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 27, 1911, dismissing an action for the foreclosure of a mortgage, upon sustaining a demurrer to the complaint.   Reversed.

*B. W. Coiner*, for appellant.

*Carkeek, McDonald & Kapp*, for respondent.

MORRIS, J.—In an action to foreclose a mortgage for default in the annual payment of interest, the court below sustained a demurrer to the complaint, and dismissed the action; holding that, under the terms of the mortgage, the action was prematurely brought.  This is the only question presented by the appeal.

The note for which the mortgage was given as security, and the mortgage, must of course be read and construed together in determining the contract of the parties and their relative rights thereunder.  By the terms of the note, it is provided that the principal sum is payable on or before five years after date, "with interest from date until paid at the rate of ten per cent per annum, interest payable annually, and if not so paid to become a part of the principal and

[1]Reported in 125 Pac. 153.

bear interest until so paid." The mortgage recites that it is given to secure the payment of $4,233,

"together with interest thereon at the rate of ten per cent per annum from date until paid,' according to the terms and conditions of one certain promissory note . . . and these presents shall be void if such payment be made according to the terms and conditions thereof. But in case default be made in the payment of the principal or interest of said promissory note or any part thereof, when the same shall become due and payable according to the terms and conditions thereof, then the said party of the second part, her executors, administrators, and assigns, are hereby empowered to sell the said premises, with all and every of the appurtenances, or any part thereof, in the manner prescribed by law, and out of the money arising from such sale to retain the whole of said principal and interest whether the same shall be then due or not, together with the costs and charges of making such sale, and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the said parties of the first part, their heirs or assigns . . . The above-mentioned note is for $4,233, with interest at ten per cent, payable on or before five . years, interest payable annually."

The argument in support of the demurrer is that, since the note provides that, in case of default in the payment of interest, the interest shall immediately become a part of the principal and bear like interest until paid, and contains no provision that, in case of a default in the payment of interest, the whole sum shall become due and payable, and the mortgage providing for a sale only in case default be made in the payment of the principal or interest, according to the conditions of the note, there is no time prior to the maturity of the note when foreclosure could be had; and that appellant's only remedy, in case of default in the payment of interest, is to have the same become part of the principal and draw like interest. Such a contention, it seems to us, fails to give due consideration to the terms of the note and mortgage when read as a whole. It is plain from the note that the interest is payable annually. If, then, it be not so paid,

there is a default in the payment of interest according to the terms of the note. The mortgage provides for its foreclosure in case of any default in the payment of interest when the same becomes payable under the terms of the note, and the retention, out of the moneys arising from the foreclosure sale, of the whole of the principal and interest, whether the same shall be then due or not. If respondent's contention be true, this last provision of the mortgage is meaningless, since the only time the mortgage would be subject to foreclosure, irrespective of prior defaults in the payment of interest, would be a default in the payment of the original and the increased principal with the last annual interest at the maturity of the note, when under all theories all sums payable under the note and mortgage were subject to default for nonpayment. What need, then, for stipulating that, in case of a foreclosure, "the whole of said principal and interest, whether the same shall be then due or not," shall be retained? If the only foreclosure can take place subsequent to the maturity of the note, what sum is it, not then due, that is to be retained in case of a sale because of a default in the payment of principal or interest? Manifestly such a clause in this mortgage is indicative of the intention of the parties that the mortgage did stipulate for its foreclosure prior to the maturity of the note, in case of any default in the payment of the annual interest; as such a foreclosure could be the only one when the whole of the principal·and interest would not be due; which situation is further illustrated by describing the note as one in which the interest is payable annually. Again, the mortgage provides for its foreclosure in case of any default in the payment of principal or interest, when the same is payable under the note. The note says the interest is payable annually. If the interest be not so paid, it is a default in the payment of interest, and a default subjecting the mortgage to foreclosure.

Respondent relies upon *Bank v. Doherty,* 29 Wash. 233, 69 Pac. 732, 92 Am. St. 903; *Van Loo v. Van Aken,* 104 Cal.

269, 37 Pac. 925; *Wood v. Whistler*, 67 Iowa 676, 25 N. W. 847, and *Motsinger v. Miller*, 59 Kan. 573, 53 Pac. 869. None of these cases, nor any other that we have been able to find, supports this contention. In the *Bank* case, it was held that a mortgage could not be foreclosed for default in the payment of interest when the only condition for its foreclosure was contained in this provision: "Now if the said first party shall on or before maturity pay or cause to be paid the said note with interest that may be due thereon, then the foregoing conveyance shall be null and void; otherwise to be and remain in full force and virtue;" which was construed to mean that the debt was permitted to run until the maturity of the note and mortgage, and that the mortgage should stand as security for the principal or interest, and could not be foreclosed until there was a failure to pay the note at its maturity. Manifestly this would be so when the parties fixed the maturity of the note as the only time when a default would subject the mortgage to a foreclosure. The court there says it was within the power of the parties to have provided for a foreclosure in case of any failure to pay interest, but they failed to do so; and that, if the mortgage had contained a stipulation providing for its foreclosure in case of any failure "to pay said note, or the interest, or any part thereof, when due," a foreclosure might be had for default in the payment of interest.

Referring to the language of the mortgage under consideration, we find it does contain the very thing the court in the *Bank* case says is essential to a foreclosure on default in the payment of interest. It says: "In case default be made in the payment of the principal or interest of said promissory note or any part thereof, when the same shall become due and payable, according to the terms and conditions thereof." The note providing for the payment of interest annually, the failure to pay the interest when due is a default in the payment of interest, and a default in the payment of interest subjects the mortgage to a foreclosure.

And making this intention still plainer, comes the further stipulation that, in case of any such foreclosure, the whole of the principal and interest represented by the note shall be retained, even though it be not yet due. In order to be any sum "not yet due," the sale must be prior to the maturity of the note and mortgage. The *Bank* case, with the authority therein cited, is in direct conflict with the ruling complained of, and is of itself sufficient to support the claim of error.

The case, however, having been argued so confidently upon the authority of the *Van Loo, Wood* and *Motsinger* cases, *supra*, we will review those cases and show them not to support the contention claimed. *Van Loo v. Van Aken* is a California case, where the note, as in the case at bar, provided for the payment of interest annually, and if not so paid to draw interest the same as the principal. The mortgage, however, provided for its foreclosure only in case of default at maturity. The reasoning of the court is that the mortgage is not given to secure the payment of the note according to its terms, but only as security for the payment of the principal sum and interest on the date of the maturity of the note. The mortgage in suit contains the very provision the mortgage in that case failed to contain, and hence that case is of no value to respondent. That the rule he contends for is not the law in California, but that the rule there is as we are attempting to here announce it, is clear from the following authorities: *Brickell v. Batchelder*, 62 Cal. 623; *Maddox v. Wyman*, 92 Cal. 674, 28 Pac. 838; *Clemens v. Luce*, 101 Cal. 435, 35 Pac. 1032; *Phelps v. Mayers*, 126 Cal. 549, 58 Pac. 1048.

In the next case, *Wood v. Whistler*, neither the notes nor mortgage provided for the payment of interest annually. They simply provided that, in case it was not so paid, it should draw interest. Manifestly, unless the notes provided for the payment of interest annually, the failure to so pay would not be a default. In the case before us, as we have

before seen, the note does provide that the interest shall be paid annually. The case is not, therefore, in point. The next case is *Motsinger v. Miller* from Kansas, a case similar to the *Wood* case, the note providing that, if the interest was not paid annually, it should be added to the principal. There was, however, no provision in the note that the interest should be payable annually, and the court simply holds that the provision, "if interest be not paid annually, to become as principal," cannot be regarded as a promise to pay interest annually. It will thus be seen the case is not controlling when the note, as in the present case, contracts to pay annual interest. The court in its reasoning said:

"If the interest was payable annually, the default in the payment of the same makes the whole debt, and entitles Miller to a foreclosure of his mortgage."

In other words, if, as in the case at bar, the note made provision for the payment of interest annually, a foreclosure could be had for its nonpayment. That we are in full accord with the Kansas rule is plain from the reasoning of the *Motsinger* case and from *Meyer v. Graeber*, 19 Kan. 165, where the note provided for the payment of interest, and the mortgage recited that the interest was payable annually, and if not so paid, to be added to the principal; and that, in case of a default of any payment of principal or interest, foreclosure might be had; and it was held that the interest was to be construed as payable annually, although not as stated in the note, and that in case of default in its payment the mortgage might be foreclosed.

The judgment is reversed, and the case remanded with instructions to overrule the demurrer, and for further proceedings.

FULLERTON, MOUNT, and ELLIS, JJ., concur.