## HANKS v. LEE.

No. 3515.   Decided December 8, 1920.   Rehearing Denied February 11, 1921.   (195 Pac. 302.)

1. ADVERSE POSSESSION—ANSWER MUST ALLEGE PAYMENT OF TAXES. Under Comp. Laws 1917, § 6456, providing that in no case shall adverse possession be considered established under the provisions of any section unless the party in possession or his predecessors have paid all taxes levied for seven years, which applies when adverse possession is claimed under any one of sections 6452-6455, an answer in an action to recover possession of land setting up adverse possession is insufficient if it does not allege the payment by defendant or his predecessors in title of all taxes lawfully levied on the land during the past seven years.[1]

---

[1] *Railway* v. *Investment Co.,* 35 Utah, 528, 101 Pac. 586; *Central Pac. Ry.* v. *Tarpey,* 51 Utah, 107, 168 Pac. 554, 1 A. L. R. 1319.

2. ADVERSE POSSESSION—LANDS BELONGING TO UNITED STATES CAN-
NOT BE ACQUIRED BY ADVERSE POSSESSION. Prior to the time
a selection of lands in lieu of school lands granted by the
Enabling Act was finally approved by the Department of the
Interior, the legal title to those lands remained in the United
States, and the title thereto could not be acquired by adverse
possession.

3. EVIDENCE—APPLICATION FOR HOMESTEAD ENTRY IS ADMISSION IN-
CONSISTENT WITH CLAIM BY ADVERSE POSSESSION. An applica-
tion for entry of lands as a homestead is an admission that
the title thereto was in the United States, and is inconsistent
with a claim thereafter made that the applicant had already
acquired the title by adverse possession.

4. PLEADING—ANSWER DENYING CONCLUSION DEMURRABLE AS NOT
PRESENTING ISSUE WHERE FACTS ON WHICH CONCLUSION IS
BASED ARE ADMITTED. Where allegations admitted by the an-
swer showed facts entitling plaintiff to possession of the land
in controversy, the allegation that plaintiff was entitled to pos-
session was a legal conclusion, the denial of which did not
present an issue of fact so as to require the overruling of a
general demurrer to the answer.

5. PLEADING—DENIAL OF CLAIM FOR DAMAGES DEMURRABLE AS NOT
RAISING AN ISSUE OF FACT. The allegation in a complaint of
the amount of damages, though essential to a valid complaint,
is not an allegation of an issuable fact which is admitted for
want of answer, and the denial of such allegation does not,
therefore, present an issue of fact which requires the over-
ruling of a general demurrer to the answer.

6. JUDGMENT—DEFAULT PROPER FOR DEFENDANT'S REFUSAL TO PLEAD
AFTER DEMURRER TO ANSWER WAS SUSTAINED. Where defend-
ant refused to plead further after the general demurrer to
his answer was sustained, it was proper procedure for the
court to enter his default for want of answer, and to award
judgment to plaintiff on proof of the allegations of the com-
plaint.

Appeal from District Court, Seventh District, Carbon
County; *Geo. Christensen*, Judge.

Action by Minerva Stewart Hanks against Edwin R. Lee.
Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Price & Fouts,* of Price, for appellant.

*Ferdinand Erickson,* of Salt Lake City, for respondent.

FRICK, J.

Plaintiff brought this action in the district court of Carbon county, Utah, to recover the possession of certain real property, and for damages, etc.

In view that there is considerable controversy concerning the legal effect of the pleadings, and further for the reason that the court sustained a general demurrer to defendant's answer, it becomes necessary to set forth the allegations of the complaint and the averments in the answer somewhat in detail.

The plaintiff, in her complaint, alleged that formerly she was known by the name of Stewart. This allegation is admitted in the answer. She further alleged that on December 17, 1908, she, in the name of Stewart, duly made application to the State Board of Land Commissioners, hereinafter, for convenience designated Board, asking said Board to select certain agricultural lands, describing them, the same being the lands in question in this action, and at said time entered into an agreement with said Board, acting for and in behalf of the state of Utah, to purchase said lands from said state pursuant to the laws of the state of Utah; that on the 5th day of February, 1909, said Board, for and on behalf of said state, approved plaintiff's application for the selection of said lands, and said Board on the 6th day of November, 1909, duly filed in the United States Land Office at Salt Lake City, Utah, "a school indemnity selection," including the lands in question, which selection, on November 11, 1909, was duly approved by the United States Land Office at Salt Lake City; that on the 10th day of May 1917, the defendant made and filed in said United States Land Office his homestead application, in which application the lands in question were included,

and on the same day filed his contest affidavit in said Land Office in which he alleged that the lands in question were cultivated and improved long prior to the 17th day of December, 1908; that on the 13th day of June, 1917, the state of Utah filed a demurrer to defendant's affidavit of contest on the ground that said affidavit did not state facts sufficient to state a cause of action, which demurrer, after argument and due consideration, on the 15th day of June, 1917, was duly sustained by the register and receiver of said Land Office; that the defendant duly filed his appeal from said decision to the United States General Land Office at Washington, D. C. where, after due consideration of said appeal, the Commissioner of said Land Office sustained the decision of the register and receiver; that an appeal was also taken by the defendant from the decision of the Commissioner of said Land Office to the Secretary of the Department of the Interior at Washington, D. C., where, on the 20th day of May, 1918, the decision of said Commissioner was affirmed by the Assistant Secretary of the Interior. All of the foregoing facts are admitted in the answer. The plaintiff further alleged that on the 5th day of February, 1909, and ever since said date, she has been, and now is, entitled to the possession of the lands in question. This allegation is denied by a general denial in the answer. She further alleged that, notwithstanding her right of possession, the defendant, on the 1st day of May, 1914, wrongfully and unlawfully entered upon said lands and has unlawfully and wrongfully withheld the same from plaintiff, to her damage of $500. These allegations are denied by general denial in the answer. The plaintiff also alleged that subsequent to the decision of the Secretary of the Interior as aforesaid, to wit, on the 25th day of June, 1918, she duly notified the defendant to remove his improvements, etc., from said lands within 60 days. This allegation is admitted in the answer. The plaintiff further alleged "the value of the rents, issues, and profits of said premises from the said 1st day of May, 1914, and while plaintiff has been excluded therefrom by defendant, is $500." This allegation is denied in the answer.

The defendant filed his answer, in which, in addition to the admissions and the general denials as before stated, he, as an alleged affirmative defense, averred as follows:

"The defendant alleges that prior to the year 1892, and prior to any survey of said land, one D. A. Winn settled upon the land described in said complaint, under a squatter's right, the title to the said land being in the United States, and made valuable improvements thereon; that the said D. A. Winn, and his successors in interest, transferred said land to J. H. Stewart, the former husband of the plaintiff; that during the year 1908 the said J. H. Stewart conveyed the said land to one C. E. Lee for a valuable consideration, who occupied said land continuously and made valuable improvements thereon from the year 1908 until June, 1917, at which time the said C. E. Lee conveyed said land to the defendant, who made additional valuable improvements thereon; that the value of the improvements placed on said land by the defendant and his predecessors in interest is about $2,000; *that the defendant and his predecessors in interest have held said land under a claim of right and under color of title continuously from a time prior to 1892, which claim of right during the whole of said time was peaceable, without interruption, and open, notorious and exclusive.*

"The defendant further alleges that said cause of action, if any ever existed, is barred by the provisions of section 6446 of the Compiled Laws of Utah 1917, and particularly by subdivision 2 of said section.

"Wherefore defendant prays that plaintiff take nothing by his said complaint, and that plaintiff pay all costs."

(Italics ours.)

The plaintiff interposed a general demurrer to the answer. It was sustained by the court and defendant was given 30 days within which to file an amended answer. Defendant declined to amend his answer, whereupon he was adjudged to be in default for want of an answer. The plaintiff, after having the default entered, made proof of her damages, etc., and thereafter, on the 26th day of April, 1920, judgment was duly entered against defendant awarding plaintiff possession of the lands in question and adjudging that she recover damages in the sum of $500 and costs.

The defendant appeals from the judgment, and assigns errors: (1) That the court erred in sustaining the demurrer to his answer; (2) that it erred in entering a default against

him; and (3) that it erred in "entering judgment in favor of the plaintiff and against the defendant."

Defendant's counsel in their brief strenuously argue that the court erred in sustaining plaintiff's demurrer to the answer. One of the reasons assigned by counsel is that in view of defendant's plea of adverse possession a good and valid defense was set up in the answer. Plaintiff's counsel combat the foregoing contention on the grounds: (a) That the alleged plea of adverse possession is fatally insufficient to constitute a defense; and (b) that title to the lands in question could not be acquired by adverse possession for the reason that the state of Utah merely held the title to such lands in trust for the use and benefit of the public schools of this state, and for that reason the plea of adverse possession cannot be interposed in a case of this character.

Plaintiff's first contention, that the plea of adverse possession is insufficient to constitute a defense, seems to us to be well taken. Our statutes (Comp. Laws Utah 1917, §§ 6452, 6453, 6454, and 6455) clearly and specifically define what constitutes adverse possession. In section 6456 is contained a general provision which controls in all cases of adverse possession covered in the preceding sections to which reference has been made. Section 6456 reads as follows:

"In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party or persons, their predecessors, and grantors have paid all taxes which have been levied and assessed upon such land according to law."

Assuming, without deciding, that the averments in defendant's answer are sufficient to meet the requirements of the several sections preceding section 6456, to which we have referred, the question nevertheless is: Are the averments sufficient to meet the requirements of section 6456, which, as before, stated, covers all cases where a claim of adverse possession is in question either offensively or defensively? Section 6456 specifically provides that in no case can adverse possession under our statutes be considered as established unless in addition to the possession for the time required by

the statute the party claiming the title by adverse possession, or those from or through whom he claims, "have paid all taxes which have been levied and assessed upon such land according to law." In *Railway* v. *Investment Co.*, 35 Utah, 528, 101 Pac. 586, this court held that the title to real estate by adverse possession can only be obtained in this state by complying with the provisions of section 6456, supra. In that case, in speaking of the right of a corporation to acquire title to lands by adverse possession, it is said:

"If the railroad company desires to claim title by adverse possession, * * * it must prove that it has paid all the taxes that were assessed by the local authorities, or show that such assessment was made without authority, or that the taxes levied against the property were void for some other reason."

It has also repeatedly been held that the payment of taxes, if any are levied against the property, must be for the full period of seven years. It has further been held (*Central Pacific Ry.* v. *Tarpey,* 51 Utah, 107, 168 Pac. 554, 1 A. L. 'R. 1319) that section 6456 "is not only mandatory in terms, but it clearly imposes the burden of proof upon the adverse claimant." If the adverse claimant must prove that he has paid the taxes, it is equally incumbent upon him to allege the fact, and if, as said in *Railway* v. *Investment Company, supra,* the taxes were not paid because illegally assessed or levied or because the property was not subject to taxation, the facts in that regard must be proved, and therefore should be alleged. The averments in the answer in this case which it is contended constitute a plea of adverse possession, all of which we have italicized, are manifestly insufficient to constitute a defense, and therefore the answer in that regard was vulnerable to the general demurrer of the plaintiff.

There is, however, still another reason why the 'averments in the answer are insufficient to constitute a plea of adverse possession. It will be observed that the effect of the allegations of the plaintiff's complaint, all of which are admitted by the answer, is that the lands in question were school lands which were selected by the Board on behalf of the state of Utah as lands in lieu of lands which

it was supposed were granted by the Enabling Act (chapter 138, 28 Stat. 107), and that the selection of the lands in question was not finally approved by the Interior Department until the final decision was handed down by the Assistant Secretary of the Interior on May 20, 1918. The legal title to the lands thus remained in the United States until that decision was rendered.

Moreover, the defendant's application to enter the lands in question as a homestead, which application was made on the 10th day of May, 1917, was a direct admission that the legal title to said lands was in the United States. The same result followed from the filing of his contest, which was finally decided against him. In view, therefore, of the foregoing facts, all of which are admitted by the defendant in his answer, his pretended plea of adverse possession was without merit and of no legal significance.

What has been said also disposes of defendant's plea of the statute of limitations.

We remark that in view of the foregoing conclusions plaintiff's contention that the title of the school lands of this state cannot be acquired by adverse possession so long as the title remains in the state becomes immaterial, and hence we express no opinion upon that question.

It is, however further contended that, in view that the defendant interposed a general denial to plaintiff's allegation in her complaint that she was entitled to the possession of the lands in question, for that reason an issue of fact was presented which could not be disposed of by the general demurrer. In view of the other allegations in the complaint, which were admitted by the defendant, the allegation that plaintiff was entitled to the possession was merely in the nature of a legal conclusion which added nothing of substance to the complaint, and hence a denial thereof did not present any issue of fact. Phillips, Code Pleading, § 234. If the allegations of plaintiff's complaint referred to, which were admitted by the answer, are true, then the right of possession followed as a matter of course, and it was unnecessary to allege it in terms.

Nor is the contention tenable that, because the defendant in general terms denied plaintiff's allegation with respect to damages, a material issue of fact was presented which could not be reached by the demurrer. While under the Code the plaintiff must state the amount he claims in the complaint, yet a failure to deny such statement in case unliquidated damages are claimed does not admit the truth of such statement, and the plaintiff is nevertheless required to prove the amount of his dameges precisely as though the statement were denied. The rule is tersely and correctly stated in Boone, Code Pl. § 75, in the following words:

"It is very generally held that the allegations of value, or the amount of damages, in a complaint or petition are not material traversible allegations and are not admitted by a failure on the part of the defendant to deny them in his answer."

The defendant's general denial in that regard, therefore, presented no material issue of fact. The matter was so considered in this case, since the plaintiff was required to and did submit proof of her damages, and hence, for that reason, the defendant has suffered no injury.

The contention that the court erred in entering a default against the defendant cannot be sustained. The defendant refusing to amend his answer after the general demurrer thereto was sustained left him without an answer, and hence, if it was desired to bring the case to a close, the only course to pursue was to enter a default against the defendant.

It follows, therefore, that the district court committed no prejudicial error in this case, and hence the judgment should be, and it accordingly is, affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.