DESERET SAVINGS BANK v. WALKER et al.

No. 4996. Decided September 9, 1931. (2 Pac. [2d] 609.)

242

*Geo. Y. Wallace,* of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth* and *J. A. Melville, Jr.,* all of Salt Lake City, for respondents.

FOLLAND, J.

From a judgment in favor of plaintiff providing for foreclosure and sale of 80 acres of land in Millard·county, Utah,

and 80 shares of stock in Delta Canal Company, A. W. Steele, one of the defendants, appeals from that part of the judgment "wherein 40 shares of stock in Delta Canal Company evidenced by certificate 1718 were ordered sold in satisfaction of plaintiff's mortgage and the interests therein of said A. W. Steele and Mrs. A. W. Steele were foreclosed."

Prior to April 17, 1925, the appellant, A. W. Steele, owned 80 acres of land near Delta described as the E. ½ of the N. W. ¼ of Sec. 34, Tp. 16 S., R. 7 W., Salt Lake Meridian, together with 80 shares of water stock appurtenant to the land evidenced by certificate 1633 in the Delta Canal Company. This he sold to the defendants Josephine B. Walker and W. R. Walker, her husband. The Walkers did not pay cash, but arranged to borrow $4,000 from the Deseret Savings Bank by mortgage on the land and water stock and instructed the bank to pay the money to Steele after deducting certain amounts to pay back taxes and expenses. The several steps were taken at the same time. The Steeles gave their deed to the Walkers for the land and indorsed and surrendered certificate 1633. The Walkers gave their mortgage to the bank covering the land and the water stock, and the bank turned the money over to Steele. Steele also received as part of the purchase price a note of the Walkers for $2,000 and a mortgage subordinate to that of the bank on the same land and water stock and also a crop mortgage on all crops grown on the 80 acres of land. At the time it was expected that the Walkers would divide the farm, keep and occupy one 40-acre tract with 40 shares of water appurtenant thereto, and sell the other 40-acre tract and 40 shares of water to a prospective purchaser. The only defendant that appeared in the suit was A. W. Steele who filed an answer making certain denials and admissions and setting up his note and mortgage executed by the Walkers. Plaintiff's complaint is in the usual and proper form containing all necessary averments to entitle it to a judgment for the indebtedness claimed and the foreclosure of its mortgage on the land and water stock.

The vital issue raised on this appeal is set forth in appellant's assignments of errors Nos. 1 and 2, which are as follows:

"1. The trial court erred in its judgment foreclosing the appellant's interest in the forty (40) shares of water stock evidenced by certificate No. 1718 of the Delta Canal Company.

"2. The trial court erred in its finding of fact No. 6 in so far as it finds the history and transfer of forty (40) shares of water stock in the Delta Canal Company from certificate No. 1633 into certificates Nos. 1651 and 1652 and from certificate No. 1652 into certificate No. 1718, and that the appellant held said certificate No. 1718 subject to the plaintiff's mortgage and that plaintiff was entitled to have it foreclosed with the other property described in said mortgage, because there was no evidence whatsoever introduced on the trial to sustain such finding."

A consideration of these assignments requires that we set out fully those portions of the complaint and answer referring to certificate No. 1718. These are paragraph 6 of the complaint and paragraph 4 of the answer, which are as follows:

"6. That the water stock evidencing the water right for the irrigation of the land described in said mortgage was evidenced by certificate No. 1633, dated March 2, 1925, for eighty shares of the capital stock of the said defendant, Delta Canal Company, and by the terms and provisions of said certificate of stock the water right which it evidenced was made appurtenant to the land described in said mortgage, being the E½ of the NW¼, Section 34, Township 16 South, Range 7 West, Salt Lake Meridian, and to no other land. That the said certificate No. 1633 at the time said mortgage was executed and delivered was of record in the office of defendant Delta Canal Company in the name of defendant A. W. Steele, but that the said defendant A. W. Steele prior to the execution and delivery of said mortgage, for valuable consideration sold, assigned, endorsed, transferred and delivered said water stock certificate No. 1633 to the defendants Josephine B. Walker and W. R. Walker. That the defendants Josephine B. Walker and W. R. Walker mortgaged, pledged and delivered said stock and the said certificate of stock to the plaintiff as aforesaid as a part of the said mortgage, and as a part of the security securing the payment of said note. That thereafter, to wit, on or about the 21st day of April, 1925, this plaintiff mailed said certificate of stock No. 1633 to the defendant W. R. Walker for the purpose only

of having it transferred to the defendant Josephine B. Walker and to have her endorse the new certificate or certificates and return to this plaintiff, to be held by this plaintiff, in lieu of certificate No. 1633, as a part of its mortgage security. That the said W. R. Walker surrendered the said certificate No. 1633 to the Delta Canal Company and caused to be issued in lieu of the same two certificates No. 1651 for forty shares, dated May 11, 1925 in favor of Josephine B. Walker, and that the same was made appurtenant to the NE¼ of the NW¼ of Section 34, Township 16 South, Range 7 West, in Millard County, Utah, being one forty acre tract described in said mortgage, also certificate No. 1652 for forty shares, dated May 11th, 1925, in the name of the defendant Josephine B. Walker, which was made appurtenant to the SE¼ of the NW¼ of Section 34, Township 16 South, Range 7 West, Millard County, Utah, being the other forty acre tract described in said mortgage. That the defendant W. R. Walker forwarded to this plaintiff said certificate No. 1651, and in violation of plaintiff's instructions and without any right or authority so to do delivered the certificate No. 1652 to the defendant A. W. Steele and thereafter on May 14, 1926, the defendant A. W. Steele without any right or authority to do so surrendered said certificate of stock No. 1652 to the defendant Delta Canal Company and had it cancelled and had issued to himself in lieu of the same, certificate No. 1718 issued by the Delta Canal Company, dated May 14, 1926, in favor of himself and the new certificate does not recite that it is appurtenant to any tract of land and, that said A. W. Steele now holds certificate No. 1718 and the defendant A. W. Steele claims to have some right, title or interest in and to the same, and refuses to surrender it to this plaintiff but his claim, if any, is subsequent in point of time, subordinate in right and subject to plaintiff's lien upon the same by virtue of the said mortgage and plaintiff is entitled to have the said certificate of stock No. 1718 foreclosed with the other property described in said mortgage and the proceeds of sale of all of the property applied in satisfaction of the amount due plaintiff and in satisfaction of the judgment which plaintiff may recover in this action."

"4. Answering paragraph No. 6 this defendant has no knowledge nor information sufficient to enable him to either admit or deny all of the allegations therein contained and for want of such knowledge or information he denies all of said allegations except that he admits that W. R. Walker delivered to him said certificate No. 1652 but denies that it was wrongful or unlawful, or that this defendant had any knowledge of any instructions from the Deseret Savings Bank to said Walker. Admits that this defendant took said certificate to the Delta Canal Company and had issued to him certificate No. 1718 in lieu thereof and that the new certificate is not appurtenant to any

land. The said defendant denies that he is holding said certificate No. 1718 but alleges that he has sold and pledged it for a valuable consideration as security for a note which is payable upon demand to an innocent pledgee for value."

The attorney who filed the answer for Steele withdrew as such attorney before trial by serving and filing the proper notice. Steele was notified by the plaintiff of such withdrawal. When the case was called for trial, Steele appeared in person and entered into a stipulation which is as follows:

"Mr. Mellville: (Attorney for plaintiff) It may be stipulated in the record as follows: that in the case before the court Mr. Steele is in court personally, and it is stipulated between Mr. Steele and the plaintiff that the plaintiff's mortgage described in the complaint, on the 80 acres of land and the 80 shares of water stock, is a first and prior mortgage on the land and water stock, and that his real estate mortgage is a second mortgage on the same land and water stock. That his mortgage is a second mortgage, subsequent and subordinate to plaintiff's mortgage, and that in the foreclosure proceedings the property may be sold and from the proceeds of sale the sheriff will pay, first, the amount due the plaintiff on his note and first mortgage; and second, the balance, if any, to Mr. Steele to the extent of the amount due him, and of course if there is anything above that it would go to Mrs. Walker the owner of the property; and that the sheriff is to sell the land and water stock, 80 shares. Is that right, Mr. Steele?

"Mr. Steele: I was advised that there would be a judgment to the savings bank and second to me, what I have coming upon the place, plus accrued interest, and that I would still have a judgment against my signers for any deficiency.

"Mr. Melville: I think under the law that would be correct."

The plaintiff, in addition to the stipulation and the legitimate inferences therefrom, merely introduced in evidence the note and mortgage from the Walkers to the bank, certificate No. 1651 of the Delta Canal Company for 40 shares of stock, and testimony to show the amount of a reasonable attorney's fee, and that the other 40 shares of water stock was certificate 1718 and was not in the bank's possession. Steele testified in his own behalf and, by aid of plaintiff's attorney, introduced in evidence his promissory note from

the Walkers, the mortgages on the land and water stock, and the chattel mortgage on the crops. He did not introduce any evidence tending to show that he was an innocent purchaser of certificate 1652, nor any evidence in any way tending to controvert the case made by plaintiff. His evidence was strictly confined to matters in support of a judgment which he claimed he was entitled to as against the Walkers. Findings of fact, conclusions of law, and decree of foreclosure were then made and entered by the court. The only finding which we need notice is finding No. 6, which it is unnecessary to copy, since it follows, in substance, the language of paragraph 6 of the complaint copied above, and finds the facts therein stated to be true, and that the right, title, and interest of A. W. Steele in certificate No. 1718 are subject and subordinate to plaintiff's mortgage and lien, and that plaintiff is entitled to have the certificate foreclosed with the other property described in the mortgage.

Some time after the entry of judgment Steele appeared by another attorney and served and filed his notice for a new trial based upon the ground that neither the evidence nor the stipulation supported the findings of the court with respect to certificate No. 1718 for 40 shares of water stock. The court first made an order granting a new trial to be had on the Saturday next following, but on the same day withdrew such order and took the motion under advisement. Later a hearing was had on the motion for a new trial, and the court heard the evidence offered by the plaintiff and also by the defendant Steele who was present and represented by attorney. After such hearing the court entered its order denying a new trial.

It is now urged by the appellant that the court erred in receiving evidence after judgment, and on hearing of motion for a new trial for the purpose of placing in the record evidence to support the findings and judgment of the court, particularly with reference to certificate No. 1718. The respondent agrees with appellant's contention that such evidence was not admissible, and that findings and judgment cannot be aided by evidence introduced after

judgment in order to support the findings of fact previously made by the court. Respondent, however, contends that the findings and judgment are adequately supported by the pleadings, the evidence adduced before judgment, and the stipulation, and that the court's action in denying the motion for a new trial was rightfully entered. It will be noted that the answer to paragraph 6 is, with certain exceptions, made on information and belief. It is well settled that, where the facts alleged in a complaint are actually or presumptively within the knowledge of the defendant, he must answer positively, and a denial on information and belief or of having no knowledge is evasive and is in effect no denial. *Imlay* v. *Gubler* (Utah) 298 P. 383.

"The rule permitting denials on information and belief under certain statutes is subject to the limitation, however, that facts either actually or presumptively within the knowledge of the defendant, or facts which are at hand and accessible and which it is the duty of the defendant to ascertain, cannot be traversed by a plea of the defendant's that he lacks knowledge or information sufficient to form a belief thereof, or to deny the truth of such facts on information and belief. Denials concerning such matters are very properly required to be in positive form, and if merely on information and belief will be held frivolous, or as being an evasion." 21 R. C. L. 458.

There was no specific denial of the facts alleged in paragraph 6 of the complaint, and it must therefore be assumed that such facts were admitted. In that event no evidence of their existence was necessary to support the finding of such facts by the court. *Fravert* v. *Fesler*, 11 Colo. App. 387, 53 P. 288. That all such matters were actually or presumptively within the knowledge of Steele is shown by an analysis of section 6 of the complaint. For want of knowledge or information he has attempted to deny that the water stock covered by respondent's mortgage was evidenced by certificate 1633. This denial he knew was untrue because his own mortgage on the same property described certificate 1633, which had been issued to him and indorsed by him, and his mortgage acknowledged a prior mortgage upon the same property in favor of the bank. When

he by this method denied that he, prior to the execution and delivery of the mortgage to the bank, for a valuable consideration sold, transferred and delivered certificate 1633 to the Walkers, he knew whether or not those allegations were true. They referred to a transaction in which he participated personally the facts about which he could not help but know. These allegations he should have answered positively, and he is not permitted to deny such for want of information or upon information and belief. He also denied in the same manner that Walker surrendered certificate 1633 to the canal company and caused to be issued in lieu thereof certificate 1651 for 40 shares appurtenant to the 40-acre tract and certificate 1652 for 40 shares appurtenant to the other 40-acre tract, both in favor of Josephine B. Walker. That he knew the truth about these transactions can be inferred from his admissions that he obtained certificate 1652 from Walker and himself had it transferred into his name. He certainly knew what the certificate recited and whether or not the water it represented was for use on one of the 40-acre tracts which was a part of the original 80 as alleged in the complaint. From his dealings in the mater he must have known that this was one of the certificates issued in lieu of certificate 1633. These allegations he also should have answered positively, and, in the absence of a positive denial, no issue is made thereon; and the allegations must stand as admitted. Steele, by his mortgage, had a lien on certificate 1633, and, when that certificate was converted into certificates 1651 and 1652, he obtained possession of certificate 1652 and must have known how it was derived. He had a vital interest under his mortgage in preserving his mortgage lien on the water shares represented by certificate 1633 and is presumed to have been vigilant to see that the integrity of certificate 1633 or its substitution was preserved. Steele did not have a mortgage on certificate 1718 except as such certificate was a partial substitution of certificate 1633.

It will also be noted that the denial is not such a denial on information and belief as is authorized by statute. Comp.

Laws Utah, 1917, § 6575, subd. 1, provides that an answer may contain (omitting unnecessary words) "a general or specific denial * * * of any knowledge or information thereof sufficient to form a belief. * * * " He does not deny knowledge or information thereof sufficient to form a belief, but merely says he has no knowledge nor information sufficient to enable him to either admit or deny all the allegations of paragraph 6 of the complaint except that which he admits. He based his denial on all of the allegations, not on one of them or several of them, but on all of them, and says nothing about his belief as to such allegations or any of them. Such a denial is a palpable evasion of the statute and raises no issue as to the facts alleged.

When Steele, at the trial, stipulated for judgment in favor of respondent and for a second judgment in his own favor on 80 shares of water stock, that, of necessity, included the shares represented by both certificates 1651 and 1718. In his answer Steele alleges that "for a valuable consideration he purchased certificate No. 1652 from W. R. Walker and his said wife Josephine B. Walker and that he is an innocent purchaser thereof for value," and that at his request this certificate was canceled by the canal company and certificate 1718 issued in lieu thereof. He did not attempt at the trial to prove that he obtained certificate 1652 innocently, or in good faith, or for a valuable consideration. He introduced no evidence whatever in support of these allegations. The rule announced in *Upton* v. *Betts*, 59 Neb. 724, 82 N. W. 19, 20, is applicable here:

"One who asks a court to give priority to a junior lien on the ground that it was obtained in ignorance of an elder latent equity must allege and prove that he acted in the transaction in absolute good faith. In 2 Pom. Eq. Jur. § 785, it is said: 'The allegation of the plea or of the answer, so far as it relates to this defense, must include all those particulars which, as has been shown, are necessary to constitute a bona fide purchase. It should state the consideration, which must appear from the averment to be "valuable," within the meaning of the rules upon that subject, and should show that it has actually been paid, and not merely secured. It should also deny notice in the

fullest and clearest manner, and this denial is necessary whether notice is charged in the complaint or not.' "

Upon failure of proof in support of his allegations that he purchased innocently and for value, and in view of the admissions in the answer, it must follow that Steele was not a bona fide purchaser of certificate 1652, and hence was not a bona fide holder of certificate 1718.

The stipulation entered into by Steele in open court is set out fully above and must be construed in the light of the allegations and admissions contained in the pleadings. It is, however, urged by counsel for appellant that, ■■ because appellant is a layman and appeared in court without counsel, his stipulation should be given a restricted interpretation so as to mean no more than that he admitted that his mortgage was a second mortgage. We see no reason for giving to the stipulation such a narrow construction or application. From the record it may be readily inferred that Steele was a man of affairs with no little experience in business matters. Nothing is made to appear that he was either ignorant or inexperienced or that any advantage was taken of him, or that he did not fully comprehend the full meaning of his stipulation and the implications necessarily arising therefrom. He made no application to the trial court for permission to withdraw his stipulation, and before the trial court made no effort to repudiate it nor to be relieved from it on the ground of misapprehension or mistake. There is no reason why the ordinary rules applicable to stipulations of this sort should not be applied and given full effect. In 20 Encyc. of Pleading and Practice, pp. 657-8, it is said:

"A stipulation will be construed like other contracts or written instruments inter partes.

"As a general rule stipulations are to be construed liberally and for the furtherance of justice.

"In cases of doubt that construction will be adopted which is most favorable to the party in whose favor the stipulation was made.

"A construction will be placed upon the stipulation which will render it reasonable and just to both parties, rather than unreasonable or unjust.

"A construction will be avoided, if possible, which will make the stipulation frivolous or ineffectual.

"Every clause and word should be given effect if possible."

And also in 36 Cyc. 1292, it is said:

"A valid stipulation concerning any matter properly before the court acts as an estoppel upon the parties thereto and is conclusive of all matters necessarily included in the stipulation; but not of matters extraneous to the litigation."

And in *City of Chicago* v. *Drexel,* 141 Ill. 89, 30 N. E. 774, page 779, it is said:

"A solemn stipulation by a party as to the facts, so long as it stands, is conclusive between them, and cannot be met by evidence tending to show that the facts are otherwise. If a stipulation has been entered into inadvisedly or through misinformation, the party injured should seek, by some direct proceeding, to have it set aside and canceled; but such party will not be permitted to dispute by evidence a fact solemnly admitted by such stipulation, the stipulation still being in force."

By his stipulation appellant conceded that the bank should have a first judgment on 80 shares of water stock, and that he should have a second judgment against the same property. Had he wanted or intended to exclude certificate 1718 from the stipulation or from the decree of foreclosure, he could easily have said so, but he did not. If he had thought that he had a first claim against the stock represented by this certificate, he could have asserted that right and have excepted this 40-share certificate from the stipulation, or he could have shown the facts with respect to the transaction between himself and Walker whereby he came into possession of certificate No. 1652. On these matters he was wholly silent. His conduct would indicate that he did not rely upon the allegations of his answer to the effect that he was an innocent purchaser for value. A man of his experience and one who is shown to have been vitally interested and intimately associated with the various phases of the transaction must have known that a stipulation for judgment of foreclosure on the 80 shares of water stock, first, to the

bank, and second, to him, would be a frivolous and deceptive thing unless it covered and disposed of the 40 shares evidenced by certificate 1718. We therefore conclude the findings of the district court that respondent's mortgage covered the water stock represented by certificate 1718, and the other facts found in connection therewith are amply supported by the pleadings and stipulation.

The judgment of the district court of Millard county is affirmed. Costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.