[Civ. No. 757. Fourth Appellate District.—April 8, 1932.]

FRITZ KUSTER, Respondent, v. G. W. PARLIER et al., Appellants.

Harris & Hayhurst and Rue C. Gibson for Appellants.

W. T. Belieu for Respondent.

BARNARD, P. J.—This is an action for the foreclosure of a mortgage given to secure four promissory notes made payable at different times. The action was filed after the maturity date named in two of the notes but prior to that named in the other two, and at a time when the mortgagors were in default as to the principal of the first two, and as to the interest on all of the notes. This appeal is taken from that portion of the decree which adjudged that the entire indebtedness secured by the mortgage was due, and from a further portion providing that a deficiency judgment should be docketed against the mortgagors for such portion of the indebtedness as remained after the proceeds of the sale were applied thereto. It is conceded that none of the notes contained any clause whereby the maturity date might be accelerated, and the only question here raised is as to whether certain language used in the mortgage should be construed as having such an effect. This portion of the mortgage reads as follows:

"And these presents shall be void if such payment be made according to the tenor and effect thereof; but in case default be made in the payment of the said principal or interest, as therein provided, then the said party of the second part,—executors, administrators and assigns are empowered to sell said premises with all and every of the appurtenances, or any part thereof, in the manner prescribed by law, and out of the money arising from such sale to retain said principal and interest together with the costs and charges of making said sale, and Fifty no-100 Dollars for attorney's fees, which said costs and charges and attorney's fees shall be a charge upon said premises and may be deducted from the proceeds of the sale above authorized; and the overplus, if any there may be, shall be paid by the party making such sale on demand to the parties of the first part, their heirs or assigns."

It is respectively contended by the parties that these provisions do or do not amount to what is commonly referred to as an acceleration clause. The appellants admit

that the mortgage thus authorized the sale of the land, upon a partial default, and the payment of the entire indebtedness from the proceeds of such sale, if sufficient, but contend that no deficiency judgment could be legally entered and that payment of the two notes which had not yet matured, according to their own terms, could not be enforced prior to the dates named in those notes, except as such payment might be secured through a sale of the land in question.

This action is governed by the provisions of chapter 1, title X, of the Code of Civil Procedure. Section 728 of this code makes special provision for a case where the debt secured falls due at different times, and this provision would apply in the absence of any contract between the parties. In the case before us, as shown by the above quotation from the mortgage, a special contract was made by the parties and, therefore, this section has no application here. The only other section applying to this proceeding, so far as is here material, is section 726, the procedure of which was followed by the trial court. The only question presented is whether all of the procedure provided by this section then applied and was justified by the terms of the contract between the parties. This section first provides that the court may, by its judgment, direct the sale of the encumbered property and the application of the proceeds thereof to the *amount due* to the plaintiff. It follows that this judgment directing such sale and such application must also fix the *amount which is then to be paid to the plaintiff*. In the case before us, the parties had agreed that the entire amount of the indebtedness might be retained in the event of such a sale. Under this agreement and under the provisions of this part of section 726, the court was authorized to enter a judgment for the full amount of all the notes and to order that amount paid to the plaintiff out of the proceeds of the sale, if such proceeds were sufficient for that purpose. This decree of the court fixing the amount to be paid to the plaintiff has the effect of a judgment, and the amount to the payment of which the security is ordered applied, is both fixed by the decree and becomes, in effect, a judgment. In ordering the land sold in order to pay something to the plaintiff, the court must of necessity fix the amount that is to be paid, and when so fixed this is,

we think, the amount due to the plaintiff within the meaning of this section. By agreeing that the land mortgaged may be sold and the proceeds applied to the full amount of all of the notes, the mortgagors agree that judgment for that amount may be thus entered as a basis for the sale of the land. This agreement, together with the statute, authorized the entry of such a judgment, which then became the amount due to the plaintiff, as referred to in the statute.

In another paragraph of this statute it is further provided that when the amount due, as thus fixed by the decree, is not realized from the proceeds of the sale, a deficiency judgment shall be entered for the balance. This applies in every case in which the amount named in the decree as being the amount that is to be paid from the proceeds of the sale, is not realized from the property. This was the situation here. In agreeing that the land might be sold for the purpose of then paying the entire debt, the mortgagors agreed that it should be sold according to law, in other words, according to this statute. The provisions of this statute are a part of the contract between the parties, and when, by a partial default, under their contract, the mortgagors subjected themselves to the provisions of this section, we think they subjected themselves to the entire statute, and not merely to a part thereof. As a part of the only procedure provided to carry out the sale agreed upon, the court was compelled to fix the amount that was then to be paid to the plaintiff, as a basis for its direction to the sheriff or commissioner who was to make the sale. It was the duty of the officer to make a return as to his proceedings in carrying out the orders of the court. And this statute which is thus invoked to carry out the sale agreed upon by the parties, then provides that in the event a deficiency is shown by the return, a judgment therefor shall be docketed for such balance as "still remains due." The balance thus referred to must be that portion of the amount fixed by the court to be paid to the plaintiff, which remains unpaid. We think that the "amount due" and the balance that "still remains due" mentioned in this section of the code, refer to the amounts which are due in the sense that they may be and are fixed by the decree as being then payable to the plaintiff. And when the mortgagors agreed that the land could be sold and applied to the payment

of all of the notes, regardless of the dates of maturity named in the respective notes, they agreed in effect and to all legal intent and purpose that the entire amount was then due.

A further consideration is that this statute provides that there can be but one action for the recovery of such a debt as is represented by these notes, secured by this mortgage. This one action is that provided for in section 726 of the Code of Civil Procedure, being the one here taken. A view contrary to the one we have taken upon the question before us, would leave this respondent without remedy, so far as the balance on these notes is concerned, and would ignore a part of the agreement of the parties. By their contract they provided that in the event of a default the mortgaged land could be sold and all of the notes paid from the proceeds. This statute, being the exclusive remedy provided, not only provides for a judgment in accordance with the amount then payable, but goes on to provide for a final judgment in the matter. This is in accordance with the general principle of equity, that having once been invoked it will complete the matter.

In reference to a somewhat similar note and mortgage, the court said in *Phelps* v. *Mayers*, 126 Cal. 549 [58 Pac. 1048]:

"The defense is that the action was prematurely brought; defendant maintains that the instruments in suit do not provide that the principal of the debt shall become due on default in payment of interest, and hence that a foreclosure for both principal and interest was unwarranted. The note and mortgage, however, must be construed together; interest on the note is payable semi-annually, and the mortgage is clear that upon default in the payment of the interest, equally with default in the payment of the principal, the mortgagee may cause the premises to be sold and retain from the proceeds 'the said principal and the interest'; there is scarcely room for interpretation in these provisions; they support the action for the amount of the note, both principal and accrued interest. (*Brickell* v. *Batchelder*, 62 Cal. 623; *Maddox* v. *Wyman*, 92 Cal. 674 [28 Pac. 838].)"

The only acceleration clause present in that case was one in the mortgage authorizing the sale of the property and the retention of the proceeds in the event of a partial default,

which was held to support an action for the full amount of the note. The language there used was quite similar to that used in the mortgage now before us, and not only does this language support this action for the full amount of the notes, but, judgment having been entered for the full amount in accordance with the contract of the parties, it supports the full procedure provided by the statute for all such cases of foreclosure.

Considering the statute and the contract together, as we must, we conclude that this provision for selling the land and applying the proceeds therefrom to the payment of all of the notes is, in fact, an acceleration clause which justified the entry of a deficiency judgment when the proceeds of the sale proved insufficient to pay the amount for the payment of which the court, in accordance with the contract, ordered the land sold.

For the reasons given, the judgment is affirmed.

Marks, J., and Jennings, J., concurred.