## FIRST SAVINGS BANK OF OGDEN v. BROWN et al.

No. 5511.  Decided February 3, 1936.  (54 P. [2d] 237.)

*J. Quill Nebeker*, of Ogden, for appellants.

*Geo. S. Barker*, of Ogden, for respondent.

EPHRAIM HANSON, Justice.

Plaintiff brought this action to recover on a promissory note and to foreclose a mortgage on certain real property given to secure payment of the note. A default judgment was entered by the court below in plaintiff's favor as prayed. The defendants Crilla W. Thorpe and Dolores Brown alone have appealed from that judgment. They have jointly assigned as error: (1) The overruling of the demurrer of defendant Thorpe to plaintiff's complaint; (2) the sustaining of plaintiff's demurrer to the answer of defendant Thorpe; and (3) the entry of judgment against each of said defendants.

Plaintiff's complaint was filed May 23, 1933. Its allegations may be summarized as follows: Paragraphs 1 and 2 allege the corporate existence of plaintiff and of the defendant Gwilliam Lumber & Coal Company, hereinafter referred to as the Lumber Company. Paragraph 3 alleges that defendant Moroni E. Brown and Dolores Brown are husband and wife. Paragraph 4 alleges that on September

15, 1930, defendants Moroni E. Brown and Dolores Brown executed and delivered to defendant Lumber Company, for a valuable consideration, their promissory note in the sum of $2,250, bearing interest at the rate of 8 per cent per annum, a true copy of which is attached as Exhibit A and made a part of the complaint the same as if written out at length in the body of the same. Paragraph 5 alleges that at the same time and place and as a part of the same transaction, for the purpose of securing payment of said note, the Browns executed and delivered a mortgage, a copy of which is attached, marked Exhibit B and made a part of the complaint the same as if written out at length therein; that said mortgage was acknowledged so as to entitle it to be recorded and was recorded October 8, 1930, in Book 4-M of Mortgages at page 77 in the office of the county recorder of Weber county. Then follows a description of the mortgaged premises. Paragraph 6 alleges the assignment and transfer of the mortgage to plaintiff by the Lumber Company on October 8, 1930, by a written instrument, a true copy of which is attached, which assignment was recorded the same day in Book 4 of Mortgages, page 76. The assignment recites that the note and the money to become due are also transferred. It is further alleged that the note was indorsed without recourse to plaintiff at the same time as the mortgage was transferred, setting out in haec verba said indorsement. Paragraph 7 alleges that no part of the principal sum of the note has been paid and interest has been paid to on or about October 15, 1931, only. The provision of the note as to attorney's fees and the provision of the mortgage providing for acceleration of the payment of the debt, hereinafter quoted, are set out. It is then alleged that plaintiff has employed counsel and that 10 per cent of the principal and interest is a reasonable fee; that interest on said note has not been paid, except as stated, and that taxes are delinquent and unpaid for two years. Paragraph 8 alleges plaintiff is the owner of the note and declares the whole principal sum and accrued interest due. Paragraph 9 al-

leges plaintiff has expended $8.50 for continuation of the abstract. Paragraph 10 alleges that on March 24, 1931, the defendants Moroni E. and Dolores Brown deeded the mortgaged premise to defendant Crilla W. Thorpe, which deed was recorded, and provided that it was made "subject to all mortgages, liens and encumbrances of whatsoever nature now outstanding against said property." It is alleged that this deed is subject to plaintiff's mortgage. Paragraph 11 alleges a quitclaim deed given by the Construction Securities Company to defendant L. P. Wright on August 13, 1929, and duly recorded in Book 114 of Deeds, page 347, is subsequent and inferior to plaintiff's mortgage. Paragraph 12 alleges that a tax sale redemption certificate covering the mortgaged premises dated May 17, 1930, and recorded in Tax Sale record 1929, page 97, line 2, is inferior to the claims of plaintiff. Paragraph 13 alleges that each of the defendants claims some interest in the mortgaged premises adverse to plaintiff, but such claims are inferior to plaintiff's claim and lien against said premises. Paragraph 14 alleges that it is provided in the mortgage that "the rents, issues and profits thereof after default of any of the conditions to be performed by the mortgagors" are also mortgaged to secure payment of the indebtedness. Paragraph 15 alleges the mortgage conditions have not been performed and the property is not of sufficient value to discharge the indebtedness and a receiver should be appointed pending foreclosure to collect rents, to attend the property and to pay taxes. Paragraph 16 alleges that "(blank)" is a proper person to be receiver.

The note by its terms was payable September 15, 1933, and provided that the interest was payable quarterly. It also contained this provision: "And if interest is not paid when due, it is to become part of the principal and bear same rate of interest." The mortgage contains the following provision:

"It is further expressly agreed that should default be made in the payment of any installment of interest or principal as in said note

provided, and should the same remain unpaid and in arrears for the space of thirty days, or should default be made in any other condition to be performed by the mortgagors, the holder of said note may declare the principal sum mentioned therein to be due and payable immediately, and may proceed at once to foreclose this mortgage, anything hereinbefore written or in said note to the contrary notwithstanding. The mortgagor—agree—to pay all taxes and assessments on the said land and attorney's fee in case of a foreclosure, and if the mortgagors fail to pay such taxes before they become delinquent, the mortgagee may pay the same and the sums so paid shall be added to the debt hereby secured."

Dolores Brown was served with summons on May 23, 1933, but was not served with a copy of the complaint. She made no appearance and filed no pleading of any kind. Defendant Thorpe filed a general demurrer to the complaint, which was overruled. She then filed an answer which may be summarized as follows: She admits all of the allegations contained in paragraphs 1, 2, 3, 4, and 5. As to paragraphs 6, 7, 8, 9, 11, 12, 14, and 16, she alleges, by separate paragraphs in her answer concerning each of such paragraphs, that she "has insufficient knowledge or information upon which to base a belief as to the truth or falsity of said allegations, and therefore denies specifically and generally each and every allegation of fact in said paragraph." Answering paragraph 10, said defendant denies the deed executed and delivered to her by the Browns is subsequent and inferior to plaintiff's claim or note, and admits every other allegation. Answering paragraph 13, she admits she claims some interest in said premises and that such claim is based on said warranty deed given to her by the Browns, and denies each and every other allegation contained in said paragraph. Defendant Thorpe then denies specifically and generally each and every allegation of fact contained in paragraph 15. As an affirmative defense to paragraph 5, she alleges that she came into possession of said premises under the deed given to her by the Browns and that she is occupying the same as her home; that the premises are not being rented and there are no rents or profits being derived therefrom.

Upon information and belief she alleges that, nothwithstanding the agreement of the mortgagors to pay taxes, as above quoted, there was an agreement between the mortgagors and the mortgagee that the mortgagors need not pay the taxes on said premises unless they chose, and that in the event they did not pay them, upon maturity of the note or in case of foreclosure, the mortgagee might pay any delinquent taxes and add the amount thereof to the amount due under said note, and that the failure to pay taxes would not constitute a breach of the conditions of said mortgage so as to entitle the mortgagee to foreclose. It does not appear when or how this side agreement came to be made.

Plaintiff filed a general demurrer to this answer. The demurrer was sustained and defendant Thorpe failed to plead further. The court thereafter entered her default for failure to file an amended answer within the time allowed by the order of the court, or at all, and a judgment by default was entered against all the defendants as prayed in the complaint.

We shall first consider appellants' assignments of error attacking the court's action in overruling the general demurrer of defendant Thorpe to plaintiff's complaint. Appellants argue that the note by its terms did not become due until September 15, 1933. Since the complaint was filed May 23, 1933, the action was premature. The complaint alleges that the interest has been paid to October 15, 1931, only and that two years' taxes are delinquent and unpaid. It is appellants' contention that, because the note contains no acceleration clause but provides that if the interest is not paid when due it is to become part of the principal and bear the same rate of interest, the plaintiff could not declare the principal amount due and sue on the note for failure to pay the interest which became due quarterly. The mortgage, however, contains the acceleration clause heretofore quoted. Appellants contend this conflicts with the provision in the note relative to unpaid interest

being a part of the principal. They do not attempt to point out wherein there is any conflict, nor do we perceive any. The note provides that the interest is to be paid quarterly. This definitely fixes the time when it is due and payable. The fact that thereafter it is to be a part of the principal does not alter this fact. On the contrary, unless the interest had become due it would be difficult to perceive how it could be made a part of the principal and bear interest as such. When the interest is not paid quarterly, there is a default in the payment thereof according to the terms of the note, even though the holder agrees to make such unpaid interest a part of the principal. Certainly the makers could compel the holder to accept payment of the interest rather than have it become a part of the principal. It would be due and payable for such purpose. If it is not then paid it is because the makers so elected, but their failure to pay could not alter their agreement that it was due and payable at a definite time. Appellants' construction of the contract between the parties would nullify entirely the provision in the mortgage above quoted which accelerates the payment of the debt upon failure to pay interest. If the interest is only payable at maturity of the note, then what purpose could there be in contracting that upon the failure to pay the interest the holder of the note may declare the principal sum due and payable immediately and may proceed to foreclose the mortgage? The principal would then be due and the right to foreclose already established. As stated in *Castor* v. *Muramoto,* 69 Wash. 145, 125 P. 153, 154, 42 L. R. A. (N. S.) 108, a case involving practically the identical situation now before us:

"Manifestly such a clause in this mortgage is indicative of the intention of the parties that the mortgage did stipulate for its foreclosure prior to the maturity of the note, in case of any default in the payment of the annual interest, as such a foreclosure could be the only one when the whole of the principle and interest would not be due, which situation is further illustrated by describing the note as one in which the interest is payable annually."

The note and mortgage, given at the same time, and as parts of the same transaction, must be construed together as constituting one contract. They supplement each other and express the entire contract between the parties. So the acceleration provision in the mortgage enters into and becomes a part of the note and the maturity of the note is advanced by virtue of such provision. While there is some authority to the contrary, we believe the weight of authority sustains these propositions. See Jones on Mortgages (7th Ed.) vol. 1, §§ 71 and 351; 19 R. C. L. 494, 495, §§ 290, 291; *Durham* v. *Rasco*, 30 N. M. 16, 227 P. 599, 34 A. L. R. 838, and note at that page; *Kuster* v. *Parlier*, 122 Cal. App. 432, 10 P. (2d) 124; *Wheeler* v. *American Investment Co.*, 167 Okl. 558, 31 P. (2d) 117; *Castor* v. *Muramoto*, supra.

It should be pointed out, also, that under section 104-55-1, R. S. Utah 1933, there can be but one action on a debt secured by mortgage, which is by foreclosure. Having provided in the mortgage that a default in the payment of interest would permit the holder of the mortgage debt to declare the principal due and proceed to foreclose, it is manifest that the parties intended that there could be a full recovery on the note for both principal and interest and the foreclosure action brought therefor would subject the mortgaged property to the payment of the entire debt. In addition, the parties have expressly agreed that this provision in the mortgage should control by stipulating that it should be effectual, anything in the note to the contrary notwithstanding.

What has been said would likewise apply to the provision in the mortgage for declaring the principal due because of failure to pay taxes. This is one of the conditions to be performed by the mortgagors, a breach of which would accelerate the payment of the note. It follows, therefore, that the action was not prematurely brought and the complaint stated a cause of action.

It is next contended that the lower court erred in sustaining plaintiff's demurrer to the answer of defendant

Thorpe. It is claimed that the answer raises questions of fact as it denies the assignment of the mortgage and indorsement of the note, the failure to pay the principal and interest, the ownership of the note and mortgage in plaintiff, the inferiority of defendant's mortgage, the deed to the Wrights, the tax sale redemption certificate to the Wrights, the breach of conditions of the mortgage, and the facts showing grounds for appointment of a receiver. However, the denial of practically all of these allegations of the complaint is made upon a lack of information sufficient to form a belief as to the truth or falsity of such allegations. While section 104-9-1, R. S. 1933, permits a denial for want of information sufficient to form a belief, it is obvious that such a denial can be permitted only when there is a valid reason for so doing. Otherwise, the requirement that the pleading be verified and the safeguards intended to be accomplished by such requirement would be completely nullified. It is well settled, therefore, that those facts may not be denied on information and belief which are either actually or presumptively within the knowledge of the defendant, or which are of such a character as to be accessible to the defendant for his information. Denials of such matters must be positive in form in order to raise an issue and put the plaintiff to his proof. *Imlay* v. *Gubler*, 77 Utah 547, 298 P. 383; *Deseret Savings Bank* v. *Walker*, 78 Utah 241, 2 P. (2d) 609; *Kernin* v. *City of Coquille*, 143 Or. 127, 21 P. (2d) 1078; *State* v. *Hartmann*, 330 Mo. 386, 51 S. W. (2d) 22; *Petersen* v. *Swanson*, 51 Idaho 49, 1 P. (2d) 630; *Cockerham* v. *Potts*, 143 Or. 80, 20 P. (2d) 423.

It appears from the complaint that the assignment and transfer of the mortgage and note was a matter of public record. It further appears that defendant Thorpe acquired her deed to the mortgaged premises a considerable time after such recording had taken place and her deed recited it was subject to all existing mortgages and encumbrances. She admits she knew of plaintiff's mortgage and its being duly recorded. It also appears that the deed to the Wrights was

recorded in 1929, and the tax sale redemption certificate was recorded in 1930 long before defendant obtained her deed. It is clear that she knew or had the means of knowing of these various instruments. She cannot deny on information and belief and profess ignorance of matters of public record at hand and accessible to her, especially so when these matters related directly to the very property which is involved in this action and which she seeks to retain and hold against the plaintiff's mortgage. See the authorities above cited.

A simple denial on information and belief of the allegation that plaintiff's mortgage is superior to defendant's deed could raise no issue, it being admitted that plaintiff's mortgage was duly executed, delivered, and recorded long before defendant's deed was executed and said deed reciting that it was subject to existing mortgages and defendant maintaining as a defense that the action was premature because the mortgage indebtedness was not due when the action was commenced. These admitted facts and defendant's defense of themselves show the situation without the aid of the allegation that the mortgage is superior to the deed.

Defendant alleges she is living on the premises and claims it as her home. The complaint alleges that taxes have been unpaid for two years. Certainly it is to be assumed that the owner of property residing thereon and using the same as her home would know whether she had paid taxes. Such fact is also a matter of public record, easily accessible. Defendant cannot avow ignorance of such matters and enter a denial on that ground. Knowing the terms of the mortgage and knowing that taxes had not been paid, she cannot deny on information and belief that the mortgage conditions have not been complied with. Indeed she seeks to avoid this position by alleging that the Browns and the Lumber Company agreed that the former need not pay taxes and a failure to pay would not constitute a breach. But so far as defendant was concerned, the obligation to pay taxes became hers, for aught that appears in the answer, after she obtained her

deed. The Browns would not be likely to pay taxes thereafter. It also appears from the indorsement on the note, which is attached to the complaint, and on which defendant admits the interest has been paid to October 15, 1931. It does not appear who paid the interest from March, 1931, when defendant got her deed and the Browns parted with their interest in the property. It seems unlikely they would continue paying. The facts as to these matters would be easily accessible to defendant if not actually known by her. We are inclined to the view that these denials on information and belief do not raise any issues, and the allegations of the complaint thus attempted to be denied must be taken as being admitted. Nor do we see how defendant can rely on the alleged agreement between the mortgagors and the mortgagee that the former need not pay the taxes. Such agreement is directly contrary to the express terms of the mortgage. There are no facts alleged which would show that such agreement could have any force to defeat plaintiff's action. In addition, the mortgagors were in default in the payment of interest as well as taxes, so the conditions of the mortgage were broken though there were such an agreement relative to taxes. It follows, therefore, that the lower court was not in error in sustaining plaintiff's demurrer to defendant Thorpe's answer as it presented no defense and raised no issues.

The demurrer to defendant's answer having been sustained, and defendant having failed to further plead, her default was properly entered. *Hanks* v. *Lee,* 57 Utah 537, 195 P. 302. A default judgment could be entered without the making of findings of fact. *Western Loan & Savings Co.* v. *Garff,* 27 Utah 211, 75 P. 375; *Walker Bros.* v. *Continental Ins. Co.,* 2 Utah 331; 3 Bancroft's Code Prac. and Rem., p. 2389, § 1819.

Appellants finally contend that the court had no jurisdiction to enter judgment against Dolores Brown as a copy of the complaint was not served upon her. The action was

commenced by filing a complaint. The same day the complaint was filed a summons was served on said defendant. It is argued that because section 104-5-3, R. S. 1933, provides that the "summons, together with a copy of the complaint, if any, may be served by the sheriff," where an action is commenced by filing a complaint a copy of the complaint must be served with the summons. The language of this section is open to no such construction. It merely provides that a sheriff or a person over 21 years of age may serve a summons and a copy of the complaint, if any, clearly indicating that a copy of the complaint may or may not be served with the summons. Section 104-5-9 provides that, "When the complaint is filed one copy thereof shall be deposited with the clerk for the defendants in each county in which the summons has been served, unless a copy thereof was served with the summons in such county." The language thus used seems to be open to the construction that only one copy need be filed for all defendants served with summons in the same county. It is unnecessary, however, to decide that question here, as this court has held that a failure to file a copy of the complaint is not jurisdictional. *Rasmussen* v. *Call, District Judge,* 55 Utah 597, 188 P. 275; *Reese* v. *Judges of District Court,* 52 Utah 520, 175 P. 601; *West Mountain Lime & Stone Co.* v. *Danley,* 38 Utah 218, 111 P. 647. The court had jurisdiction of the person and of the subject matter and committed no error and did not exceed its jurisdiction in entering judgment against Dolores Brown.

The judgment of the lower court is affirmed, plaintiff to recover its costs herein.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.